FILED

2014 JUN 11 PM 3:51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   MACK E. JENKINS (Cal. Bar No. 242101)
4  Assistant United States Attorney
   Public Corruption & Civil Rights Section
5  MAX B. SHINER (Cal. Bar No. 187125)
   Assistant United States Attorney
6  Violent & Organized Crime Section
        1300/1500 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-2091/3308
        Facsimile: (213) 894-6436
9       E-mail:    mack.jenkins@usdoj.gov
                   max.shiner@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        No. CR  CR 14 00338

15         Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
16         v.

17 JERMAINE HOUSTON,
       aka "J-Bone,"
18
           Defendant.
19

20      Plaintiff, United States of America, by and through its counsel
21 of record, hereby requests detention of defendant and gives notice of
22 the following material factors:

23 ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
24         following grounds:

25    ☐   a.   present offense committed while defendant was on release
26             pending (felony trial),

27    ☐   b.   defendant is an alien not lawfully admitted for
28

|   |   |    |                                                                                   |
|---|---|----|-----------------------------------------------------------------------------------|
| 1 |   |    | permanent residence; <u>and</u>                                                   |
| 2 | ☐ | c. | defendant is an alien not lawfully admitted for                                   |
| 3 |   |    | permanent residence; and                                                          |
| 4 | X | 2. | Pretrial Detention Requested (§ 3142(e)) because no                               |
| 5 |   |    | condition or combination of conditions will reasonably                            |
| 6 |   |    | assure:                                                                           |
| 7 | X | a. | the appearance of the defendant as required;                                      |
| 8 | X | b. | safety of any other person and the community.                                     |
| 9 | ☐ | 3. | Detention Requested Pending Supervised Release/Probation                          |
|10 |   |    | Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.                        |
|11 |   |    | § 3143(a)):                                                                       |
|12 | ☐ | a. | defendant cannot establish by clear and convincing                                |
|13 |   |    | evidence that he/she will not pose a danger to any                                |
|14 |   |    | other person or to the community;                                                 |
|15 | ☐ | b. | defendant cannot establish by clear and convincing                                |
|16 |   |    | evidence that he/she will not flee.                                               |
|17 | X | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C.                          |
|18 |   |    | § 3142(e)):                                                                       |
|19 | X | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")                           |
|20 |   |    | (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or                      |
|21 |   |    | greater maximum penalty (presumption of danger to                                 |
|22 |   |    | community and flight risk);                                                       |
|23 | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or                              |
|24 |   |    | 2332b(g)(5)(B) with 10-year or greater maximum penalty                            |
|25 |   |    | (presumption of danger to community and flight risk);                             |
|26 | ☐ | c. | offense involving a minor victim under 18 U.S.C.                                  |
|27 |   |    | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,                                |
|28 |   |    |                                                                                   |

|   |   |   |   |
|---|---|---|---|
|   |   | | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
|   | ☐ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| X | 5. | | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
|   | ☐ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
|   | X | b. | an offense for which maximum sentence is life imprisonment or death; |
|   | X | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
|   | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination |

|     |   |    |                                                                                              |
|-----|---|----|----------------------------------------------------------------------------------------------|
|     | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
|     | X | f. | serious risk defendant will flee;                                                            |
|     | X | g. | serious risk defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate prospective witness or juror, or attempt to do so. |
| ☐   | 6.|    | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

1  ☐   7.   Good cause for continuance in excess of three days exists in
2           that:
3           _____
4           _____
5           _____
6           _____
7           _____

8  Dated: June 11, 2014            Respectfully submitted,

9                                  ANDRÉ BIROTTE JR.
10                                 United States Attorney

11                                 ROBERT E. DUGDALE
                                   Assistant United States Attorney
12                                 Chief, Criminal Division

13                                 /s/
14                                 MACK E. JENKINS
                                   MAX B. SHINER
15                                 Assistant United States Attorneys

16                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

5