```
STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Public Corruption & Civil Rights Section
MAX B. SHINER (Cal. Bar No. 187125)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/3308/5796
     Facsimile: (213) 894-6436
     E-mail:    mack.jenkins@usdoj.gov
                max.shiner@usdoj.gov
                wilson.park@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-338-SJO |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING WITNESS/VICTIM IDENTIFYING INFORMATION |
| v. | |
| TYRENE MARTINEZ, et al., | |
| Defendants. | |

The Court has reviewed the Government's Ex Parte Application For Protective Order Regarding Witness/Victim Identifying Information.

Good cause showing,

IT IS HEREBY ORDERED that:

2

1. The government will not disseminate any discovery or correspondence that reveals protected witness information.  Instead, the government shall endeavor to redact all protected witness information for each such witness from the relevant police reports and such reports will be stamped to clearly identify that they fall under the terms of the Protective Order, as described herein (the "Protective Order Discovery").  In place of true names, the government will designate numbers for each protected witness and keep a key of such persons.  If an inadvertent production includes a witness's true name or other protected information, the recipient shall promptly return all such inadvertently produced documents.

2. The Coordinating Discovery Attorney ("CDA") shall produce only as many copies of the Protective Order Discovery as necessary to disclose to the counsel for defendants who have appeared on this case, absent explicit written authorization from the government. Defense counsel shall not produce any additional copies of the Protective Order Discovery, absent explicit written authorization from the government.

3. Neither defense counsel nor the CDA shall provide the physical copies of the Protective Order Discovery to the defendants/clients or to anyone else not in their direct employ, at any time.  Defense counsel may, however, orally disclose the contents of the Protective Order Discovery to their clients.

4. The parties shall not, in any court filings, both pre- and post-trial, write or type the true name or any other protected information of any of the government's protected witnesses.  The parties, instead, will use the agreed upon naming conventions for relevant witnesses.

5. The government shall orally disclose the identities of the protected witnesses that it intends to call at trial, and the number corresponding to each, on or about 45 days before the last-set trial date (the "Witness Discovery Disclosure Date"). This obligation extends to all such witnesses that the government intends, by that date, to call at trial. This obligation, however, does not require the government to, by that date, finalize its witness list. The government may decide to add other such witnesses after the Witness Discovery Disclosure Date, but will, reasonably soon thereafter, orally identify those individuals to all trial counsel.

6. Defense counsel may orally disclose to their clients the names of the protected witnesses once the Witness Discovery Disclosure Date has passed.

7. On or about the Witness Discovery Disclosure Date, to the extent it has not done so during earlier discovery provisions, the government shall also produce all remaining Jencks and Giglio materials in its possession that pertain to the protected witnesses that it intends to call at trial, including in the form of plea agreements, interview reports, criminal history reports, and (where they exist) recorded statements. The government, within reasonable time, will amend this production as additional materials come into its possession, as additional interviews take place, or as it identifies additional such witnesses that it intends to call at trial.

8. The above deadlines are triggered by the last trial date set by the Court, and any continuance of the trial date will automatically continue each of these deadlines.

9. Some of the protected witnesses may be serving concurrent state sentences and/or are currently in pre-trial/post-trial federal custody. With limited exceptions that the government will identify to defense counsel, the government does not possess, and does not intend to subpoena or acquire, the records or recordings that may have been generated during these custodial periods, including emails, phone records, phone recordings, inmate records, or medical/psychological records. If defense counsel wishes to acquire such materials, the government will attempt to assist with defense discovery requests made to the Bureau of Prisons or state custodians.

10. By not later than 21 days after the Witness Discovery Disclosure Date, the parties shall meet-and-confer about outstanding issues regarding the government's compliance with the above obligations. By not later than 30 days after the Witness Discovery Disclosure Date, defense counsel shall bring discovery motions to resolve any remaining issues related to the above.

**IT IS SO ORDERED.**

Dated:

　　　　　　　　　　　　　　　　　　　　　HONORABLE S. JAMES OTERO
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Submitted by,
　　/s/
MACK E. JENKINS
MAX B. SHINER
WILSON PARK
Assistant United States Attorneys

5