490. On March 14, 2013, defendant SUMPTER, using coded language in a telephone conversation, told a drug customer that defendant SUMPTER did not have any crack cocaine for sale and to go to defendant ANTROINE TYARS SR. to purchase crack cocaine.

491. On March 15, 2013, an unknown male who had engaged in a confrontation with defendants WASHINGTON, BARNETT, and GRIMBLE, using coded language in a telephone conversation, informed defendant MARTINEZ that he would not disrespect the Broadway Crips gang; defendant MARTINEZ stated that he would arrange for the three Broadway Crips members to physically fight the unknown male to resolve the dispute.

492. On March 15, 2013, defendant MARTINEZ, using coded language in a telephone conversation, told defendant KEATON that defendant MARTINEZ's nephew, a member of the Harlem Crips gang, got into a fight with defendant WASHINGTON; defendant MARTINEZ told defendant KEATON that defendant MARTINEZ's nephew said he would not disrespect the Broadway Crips because of defendant MARTINEZ's status in the gang.

493. On March 15, 2013, defendants MARTINEZ and KEATON, using coded language in a telephone conversation, discussed a meeting of the Broadway Crips, and defendant MARTINEZ told defendant KEATON that they would collect $52 from each member present at the meeting.

494. On March 15, 2013, defendant WOOLEY, using coded language in a telephone conversation, asked defendant SUMPTER if he wanted to purchase more codeine syrup and offered to supply more to defendant SUMPTER.

1       495. On March 16, 2013, defendants MARTINEZ and KEATON,

2   using coded language in a telephone conversation, discussed

3   collecting money every weekend from Broadway Crips members for

4   Hood Day; defendant KEATON told defendant MARTINEZ that

5   defendant TYRELL THOMAS SR. wants "to be on point for this one."

6       496. On March 16, 2013, defendant INGRAM, using coded

7   language in a telephone conversation, ordered seven grams of

8   crack cocaine from defendant SUMPTER.

9       497. On March 16, 2013, defendants MARTINEZ and WASHINGTON,

10  using coded language in a telephone conversation, discussed a

11  Broadway Crips gang meeting being held on March 16, 2013.

12      498. On March 16, 2013, defendants SUMPTER and MARSHALL,

13  using coded language in a telephone conversation, discussed

14  cooking crack cocaine and attending a meeting of Broadway Crips

15  members in Broadway Crips' territory.

16      499. On March 18, 2013, defendant WEST, using coded

17  language in a telephone conversation, complained to defendant

18  SUMPTER about the quality of the crack cocaine he received;

19  defendant SUMPTER told defendant WEST that defendant ANTROINE

20  TYARS SR. had made the crack cocaine and stated that defendant

21  SUMPTER would fix the problem.

22      500. On March 18, 2013, defendant MARTINEZ, using coded

23  language in a telephone conversation, told defendant KEATON that

24  defendant MARTINEZ was going to initiate a new female into the

25  Broadway Crips.

26      501. On March 13, 2013, defendant MARTINEZ, using coded

27  language in a telephone conversation, asked defendant ANTROINE

28

1  TYARS SR. if defendant ANTROINE TYARS SR. could re-supply him

2  with crack cocaine.

3      502. On March 18, 2013, defendant SUMPTER, using coded

4  language in a telephone conversation, told defendant WEST that

5  defendant WHETSTONE brought the wrong drug order and that

6  defendant ANTROINE TYARS SR. would provide drugs to defendant

7  WEST.

8      503. On March 18, 2013, defendant SUMPTER, using coded

9  language in a telephone conversation, told defendant WEST that

10  defendant SUMPTER would check if defendant ANTROINE TYARS SR.

11  would be available to sell crack cocaine.

12      504. On March 18, 2013, defendants MARTINEZ and TYRELL

13  THOMAS SR., using coded language in a telephone conversation,

14  discussed the following:  making venue reservations and other

15  plans for Hood Day; collecting gang funds from defendant

16  CAMPBELL; using gang funds to bail out a Broadway Crips member

17  from jail; collecting gang funds from OGs; that every Broadway

18  Crips member was supposed to contribute $52 to the gang fund;

19  and that the OGs intended to match the younger members'

20  contribution to the gang fund.

21      505. On March 18, 2013, defendants MARTINEZ and MARSHALL,

22  using coded language in a telephone conversation, discussed the

23  collection of money from gang members for Hood Day; defendant

24  MARTINEZ stated that defendant TYRELL THOMAS SR. had already

25  collected the money for the event.

26      506. On March 18, 2013, defendant MARSHALL, using coded

27  language in a telephone conversation, told defendant MARTINEZ

28

1  that defendant MARTINEZ needed to focus on being a leader in the

2  Broadway Crips and to put business over pleasure.

3      507. On March 18, 2013, defendant MARTINEZ, using coded

4  language in a telephone conversation, told defendant ANTROINE

5  TYARS SR. that defendant BROWNLEE would be arriving to pick up

6  drugs from defendant ANTROINE TYARS SR.

7      508. On March 18, 2013, defendants MARTINEZ and MARSHALL,

8  using coded language in a telephone conversation, discussed a

9  recent Broadway Crips gang meeting held to determine a location

10  for Hood Day; defendant MARSHALL relayed that defendant WOOLEY

11  and other gang members said to take over, or pay for, the other

12  park.

13      509. On March 18, 2013, defendant WEST, using coded

14  language in a telephone conversation, asked defendant SUMPTER if

15  defendant RILEY was available to re-supply defendant WEST with

16  drugs; defendant SUMPTER stated that defendant RILEY was

17  unavailable, but that defendant SUMPTER would send defendant

18  WHETSTONE over to defendant WEST's location.

19      510. On March 19, 2013, defendant WOOLEY, using coded

20  language in a text message, told defendant SUMPTER that

21  defendant WOOLEY had $468 in drug proceeds for defendant

22  SUMPTER.

23      511. On March 19, 2013, defendant SUMPTER, using coded

24  language in a telephone conversation, informed a drug customer

25  that the customer could purchase crack cocaine from defendant

26  ANTROINE TYARS SR. for $220.

27      512. On March 20, 2013, defendant MARTINEZ, using coded

28  language in a telephone conversation, directed an unindicted co-

1    conspirator to meet with defendant KEATON to purchase crack

2    cocaine.

3        513. On March 20, 2013, defendant MARTINEZ, using coded

4    language in a telephone conversation, asked defendant ANTROINE

5    TYARS SR. about his supply of crack cocaine, and defendant

6    ANTROINE TYARS SR. replied that had "two whole ones."

7        514. On March 20, 2013, defendant MARTINEZ, using coded

8    language in a telephone conversation, told defendant WHETSTONE

9    to pick up crack cocaine from defendant ANTROINE TYARS SR. and

10   to give it to defendant KEATON.

11       515. On March 20, 2013, defendants MARTINEZ and KEATON,

12   using coded language in a telephone conversation, discussed drug

13   activity; defendant KEATON told defendant MARTINEZ to give

14   defendant KEATON's phone number to other gang members, including

15   defendants TYRONE TYARS and GRIMBLE, so they could call

16   defendant KEATON directly for drugs.

17       516. On March 20, 2013, defendant WHETSTONE, using coded

18   language in a telephone conversation, ordered crack cocaine from

19   defendant MARTINEZ.

20       517. On March 21, 2013, defendant KEATON, using coded

21   language in a telephone conversation, told defendant MARTINEZ

22   that he had four grams of crack cocaine and that he would leave

23   this crack cocaine with defendant KOONCE.

24       518. On March 21, 2013, defendant MARTINEZ, using coded

25   language in a telephone conversation, instructed defendant

26   CAMPBELL to bring $260 for Hood Day and to meet with defendant

27   TYRELL THOMAS SR.

28

519. On March 21, 2013, defendant JUAN TYARS, using coded language in a telephone conversation, discussed with defendant MARTINEZ calling the sister of defendant MARTINEZ, so defendant JUAN TYARS could retrieve defendant DODDS's drugs and bail out defendant DODDS; and defendant JUAN TYARS stated he wanted to obtain money for a lawyer for defendant DODDS.

520. On March 21, 2013, defendant MARTINEZ, using coded language in a telephone conversation, discussed with his sister that defendant JUAN TYARS was going to pick up drugs at the home of defendant DODDS.

521. On March 21, 2013, co-conspirator Burton, using coded language in a telephone conversation, ordered 10.5 grams of crack cocaine from defendant SUMPTER.

522. On March 22, 2013, co-conspirator Eric Heard, using coded language in a telephone conversation, asked defendant MARTINEZ when defendant ANTROINE TYARS SR. would be arriving to deliver drugs; and defendant MARTINEZ said defendant ANTROINE TYARS SR. would be arriving shortly.

523. On March 22, 2013, defendants KEATON and RICHARDS, using coded language in a telephone conversation, discussed where to hide their drugs with defendant MARTINEZ.

524. On March 22, 2013, defendants MARTINEZ and SUMPTER, using coded language in a telephone conversation, discussed their supply of crack cocaine with defendant ANTROINE TYARS SR.

525. On March 22, 2013, defendants MARTINEZ, KEATON, and WHETSTONE, using coded language in a telephone conversation, discussed defendant KEATON's purchase of crack cocaine to be

1    supplied by defendant ANTROINE TYARS SR. and picked up by

2    defendant WHETSTONE.

3        526. On March 22, 2013, defendant MARTINEZ, using coded

4    language in a telephone conversation, instructed a female in

5    Broadway Crips' territory to not drive slowly through Broadway

6    Crips' territory because her car might get shot up by Broadway

7    Crips members who might mistake her as an associate with a rival

8    gang.

9        527. On March 22, 2013, defendant MARTINEZ, using coded

10   language in a telephone conversation, told defendant KEATON that

11   a customer wanted a half-ounce of crack cocaine, and defendant

12   KEATON told defendant MARTINEZ that he had enough crack cocaine

13   to supply this customer.

14       528. On March 22, 2013, defendant KEATON, using coded

15   language in a telephone conversation, told defendant MARTINEZ

16   that defendant KOONCE sold 1.5 or 2 grams of crack cocaine and

17   that defendant KOONCE had $100 and defendant KEATON had $500.

18       529. On March 22, 2013, co-conspirator Eric Heard, using

19   coded language in a telephone conversation, asked defendant

20   MARTINEZ if defendant MARTINEZ could supply crack cocaine to co-

21   conspirator Heard and take payment for it the next day (aka

22   "fronting" the drugs), instead of an arrangement in which co-

23   conspirator Heard obtained crack cocaine from defendant SUMPTER

24   because defendant SUMPTER required immediate payment; MARTINEZ

25   agreed to front co-conspirator Heard the requested crack

26   cocaine.

27

28

530. On March 22, 2013, defendant MARTINEZ, using coded language in a telephone conversation, instructed defendant KEATON to supply crack cocaine to co-conspirator Eric Heard.

531. On March 22, 2013, defendant KEATON, using coded language in a telephone conversation, told defendant MARTINEZ to bring him "another one"; defendant KEATON then passed the phone to defendant WHETSTONE, and defendant MARTINEZ told defendant WHETSTONE to pick up crack cocaine from defendant ANTROINE TYARS SR. and give it to defendant KEATON.

532. On March 23, 2013, defendant MARTINEZ, using coded language in a telephone conversation, ordered three 3.5-gram quantities of crack cocaine from defendant KEATON and told defendant KEATON that the customer was on his way.

533. On March 23, 2013, defendant MARTINEZ, using coded language in a telephone conversation, asked defendant BELLINGER to hold a quantity of crack cocaine for defendants MARTINEZ and KEATON.

534. On March 23, 2013, co-conspirator Burton, using coded language in a telephone conversation, ordered 9.5 grams of crack cocaine from defendant MARTINEZ.

535. On March 23, 2013, defendant MARTINEZ, using coded language in a telephone conversation, told defendant KEATON to have defendant WHETSTONE bring defendant MARTINEZ seven grams of crack cocaine.

536. On March 24, 2013, defendant SUMPTER, using coded language in a telephone conversation, told defendant KEATON that he was sending a drug customer to defendant KEATON to purchase seven grams of crack cocaine.

537. On March 24, 2013, defendants MARTINEZ and KEATON, using coded language in a telephone conversation, discussed their supply of crack cocaine and providing crack cocaine to various individuals, including defendant SUMPTER; and defendant KEATON told defendant MARTINEZ that he might have defendant KOONCE run one of the gang's drug stash houses for the night.

538. On March 24, 2013, defendant DODDS, calling from jail and using coded language in a telephone conversation, discussed with defendant MARTINEZ a drug transaction that defendant SUMPTER conducted on behalf of defendant DODDS; and defendant DODDS also requested that defendant MARTINEZ call defendant JUAN TYARS to get money for a lawyer for defendant DODDS.

539. On March 24, 2013, defendant MARTINEZ, using coded language in a telephone conversation, discussed the quality of crack cocaine he was selling with co-conspirator Eric Heard.

540. On March 24, 2013, defendant KEITH, in the Broadway Crips' downtown drug sales area, distributed and possessed crack cocaine for sale.

541. On March 25, 2013, defendant MARTINEZ, using coded language in a telephone conversation, stated that defendant KEATON was handling one of the gang's drug stash houses at defendant MARTINEZ's instruction.

542. On March 25, 2013, defendants MARTINEZ and KEATON, using coded language in a telephone conversation, discussed defendant MINNIEFIELD's purchase of seven grams of crack cocaine.

543. On March 25, 2013, defendant SUMPTER, using coded language in a telephone conversation, asked defendant KEATON to

1  have defendant WHETSTONE bring defendant SUMPTER seven grams of
2  crack cocaine.

3      544. On March 25, 2013, defendant MARTINEZ, using coded
4  language in a telephone conversation, discussed the arrangements
5  for Hood Day with defendant WOOLEY.

6      545. On March 25, 2013, defendants SUMPTER and WOOLEY,
7  using coded language in a telephone conversation, discussed one
8  of defendant SUMPTER's drug suppliers.

9      546. On March 26, 2013, co-conspirator Burton, using coded
10 language in a telephone conversation, ordered 10.5 grams of
11 crack cocaine from defendant SUMPTER.

12     547. On March 26, 2013, defendant MARTINEZ, using coded
13 language in a telephone conversation, asked defendant ANTROINE
14 TYARS SR. to prepare 10.5 grams of crack cocaine for sale.

15     548. On March 27, 2013, defendant HOUSTON, in his
16 residence, located at 330 W. 54th Street in Broadway Crips'
17 territory, possessed the following drugs for sale:
18 methamphetamine, hydrocodone, diazepam, codeine, and marijuana.

19     549. On March 27, 2013, defendant WEST, in his residence,
20 located at 225 W. 54th Street in Broadway Crips' territory,
21 possessed approximately 2.06 grams of crack cocaine; 2.88 grams
22 of marijuana; a Savage Arms Corp. model 101-22 .22 caliber
23 revolver, bearing serial number 50159; a Winchester model 190
24 .22 caliber semi-automatic rifle with an attached scope, bearing
25 no serial number; a Marlin Firearms Co. Revelation .22 caliber
26 semi-automatic rifle, bearing serial number 72223479; ammunition
27 of various calibers; $865 in cash; a scale with cocaine residue;
28 gang pictures; and prison correspondence.

550. On March 27, 2013, defendant ANTROINE TYARS SR., in his residence, located at 143 E. 57th Street in Broadway Crips' territory, possessed a loaded Jennings model J-22 .22 caliber semi-automatic handgun, bearing serial number 1114259.

551. On March 27, 2013, defendant SUMPTER, in his residence, located at 228 W. 55th Street in Broadway Crips' territory, at a time when defendant MARTINEZ was present at the residence, possessed approximately 285 grams of marijuana; a Smith & Wesson model 29-2 .44 magnum caliber revolver, bearing serial number N744473, and loaded with hollow point ammunition; a loaded Mossberg 12-gauge shotgun, bearing serial number H416990; additional hollow point and shotgun ammunition; and $2,174 in drug proceeds.

552. On March 27, 2013, defendants MARTINEZ and JUAN TYARS, using coded language in a telephone conversation, discussed the following: police raids of various Broadway Crips' locations that day; the arrest of defendant SUMPTER; and whether to get new phones due to fear that their current phones had been compromised by law enforcement.

553. On March 27, 2013, defendant RILEY, in his residence, located at 329 1/2 W. 51st Street in Broadway Crips' territory, possessed a Smith & Wesson .44 caliber magnum revolver, bearing serial number N664628, loaded with hollow point ammunition.

554. On March 28, 2013, defendants SUMPTER and WOOLEY, using coded language in a telephone conversation, discussed search warrants executed against various gang locations the previous morning, that is, March 27, 2013.

1    555.   On March 29, 2013, defendants MARTINEZ and THOMAS

2  TYRELL SR. reserved Santa Fe Dam on May 4, 2013 for Hood Day.

3    556. On April 6, 2013, defendants CHARLES SMITH and PETE,

4  armed with a taser, attacked and robbed victim J.H., an Asian

5  female, of victim J.H.'s property just after victim J.H.

6  withdrew cash from the BBCN Bank in Los Angeles, California, and

7  stole victim J.H.'s purse, cash, debit and credit cards, and

8  sunglasses.

9    557. On April 15, 2013, defendants PETE and CARTER, in

10  Broadway Crips' territory, sold a handgun for $250 to a CS, and

11  defendant PETE discussed the recent robbery of victim J.H. that

12  he and defendant CHARLES SMITH committed.

13    558. On April 19, 2013, defendants CHARLES SMITH and PETE,

14  armed with a silver handgun, followed victim H.S., an Asian

15  male, after victim H.S. withdrew money from the BBCN Bank in

16  Torrance, California, and robbed victim H.S. of the $10,000

17  victim H.S. had just withdrawn for his business.   Defendants

18  CHARLES SMITH and PETE then rammed their vehicle into another

19  vehicle while fleeing the scene.

20    559. On April 21, 2013, defendant TYRONE TYARS, in Broadway

21  Crips' territory, possessed approximately 7.6 grams of crack

22  cocaine for sale and $1,063 in drug proceeds, and after his

23  arrest, tried to hide the crack cocaine by leaving it in the

24  police car in which he was riding.

25    560. On May 28, 2013, defendant GOLDSTON and another

26  Broadway Crips member, in Broadway Crips' territory, attacked a

27  security guard with a bottle and a bike and threatened to kill

28  the guard after the guard confronted the two for stealing.

561. On April 30, 2013, defendants CHARLES SMITH and JACKSON surveilled the BBCN Bank in Torrance, California, and attempted to follow victim M.H., an Asian male, from the bank to rob him.

562. On May 2, 2013, defendants CHARLES SMITH and JACKSON, while in possession of binoculars, black gloves, and approximately $1,342 in cash, conducted surveillance of the BBCN Bank in Torrance, California for the purpose of following bank customers from the bank and robbing them.

563. On May 2, 2013, at the Broadway Crips' Hood Day event, an incarcerated Broadway Crips member, using coded language in a telephone conversation, made reference to the gang's Hood Day to defendant HARRIS; defendant HARRIS passed along greetings from defendant SHAW and other Broadway Crips members and stated that defendants HARRIS and co-conspirator Michael Amos had discussed confronting a suspected informant in the gang.

564. On May 30, 2013, defendant GREGORY GORDON, in Broadway Crips' territory, sold crack cocaine to a CS.

565. On July 2, 2013, defendant WASHINGTON, in Broadway Crips' territory, sold crack cocaine to a drug customer.

566. On July 15, 2013, defendant CHARLES SMITH and other Broadway Crips members, armed with a silver revolver, followed victim S.K., an Asian male, from the BBCN Bank in Gardena, California, to his home where they robbed him of approximately $850 worth of personal items and his American Express and Visa credit cards.

567. On July 24, 2013, defendant MUHAMMAD, in the area of 103rd Street in Los Angeles, California, distributed marijuana to another Broadway Crips member.

568. On August 5, 2013, defendants CHARLES SMITH, PETE, and JACKSON, driving a vehicle whose true license plate was covered by paper plates, conducted surveillance of bank customers at various Chase Banks in the City of Bell, California.

569. On August 16, 2013, defendants CHARLES SMITH, MUHAMMAD, and JACKSON, while armed with a loaded Smith & Wesson .38 caliber silver revolver, bearing serial number 461210, in San Bernardino, California, followed a victim from a BBCN Bank, robbed the victim at gunpoint of his wallet containing an American Express credit card and two blank checks, and fled from the police to Broadway Crips' territory.

570. On August 16, 2013, defendant CHARLES SMITH, in his residence, located at 111 W. 52nd Place in Los Angeles, California, possessed a ski mask, taser, gloves, foreign currency, and a phone belonging to a bank customer who had been the victim of a robbery in Los Angeles.

571. On September 10, 2013, defendant SWAFFI, in Broadway Crips' territory, sold cocaine to a drug customer.

572. On September 10, 2013, defendant HALL, in Broadway Crips' territory, conducted multiple hand-to-hand sales of crack cocaine.

573. On September 11, 2013, defendant SWAFFI, in Broadway Crips' territory, sold crack cocaine to a drug customer.

574. On September 12, 2013, defendant BROWNLEE, in Broadway Crips' territory, sold crack cocaine to a drug customer.

575. On September 19, 2013, defendant SWAFFI, in his residence, located at 5016 Wall Street in Broadway Crips' territory, possessed approximately 546 grams of marijuana; a loaded Colt model Officer's ACP .45 caliber handgun with an obliterated serial number; a loaded A.A. Arms Inc. model AP9 9mm caliber handgun, bearing serial number 046328; extra ammunition, including hollow point bullets; extended ammunition magazines; $2,580 in drug proceeds; various containers with cocaine residue; a digital scale; and items to manufacture and distribute crack cocaine; and defendant SWAFFI attempted to flush evidence down the toilet when approached by police officers.

576. On September 21, 2013, defendant CARTER, in Broadway Crips' territory, sold crack cocaine to a drug customer.

577. On September 27, 2013, defendant JONES, in Broadway Crips' territory, sold approximately 25.8 grams of crack cocaine for $1,000 to a CS.

578. On October 8, 2013, defendant PEREZ, in Broadway Crips' territory, sold crack cocaine to a drug customer.

579. On November 26, 2013, defendant JONES, in Broadway Crips' territory, sold approximately 38.5 grams of crack cocaine for $1,500 to a CS.

580. On November 27, 2013, defendants SUMPTER, GOLDSTON, and BELLINGER, in a residence, located at 228 W. 55th Street in Broadway Crips' territory, possessed a stolen Smith & Wesson model 686 .357 caliber revolver, bearing serial number BHD0559; a loaded semi-automatic handgun, bearing serial number 02754; a

1  gang book; and gang photos; and defendant GOLDSTON attempted to
2  flee from police officers.
3      581. On December 5, 2013, defendant JONES, in Broadway
4  Crips' territory, possessed approximately 102.2 grams of crack
5  cocaine for sale and $574.
6      582. On December 11, 2013, defendant DASHIELL conducted
7  counter-surveillance to protect his marijuana grow operation
8  that he operated using $11,000 worth of electricity stolen from
9  the Department of Water and Power; in his residence, located at
10 847 E. 73rd Street in Broadway Crips' territory, defendant
11 DASHIELL possessed approximately 20 pounds of marijuana plants
12 and marijuana.
13     583. On January 8, 2014, defendants PETE and MURRLEY, in
14 Broadway Crips' territory, sold crack cocaine to a drug
15 customer.
16     584. On January 14, 2014, defendant HARRIS, in Broadway
17 Crips' territory, provided approximately 13.5 grams of highly
18 pure methamphetamine to a CS and told the CS to pay him later
19 for the methamphetamine.
20     585. On January 15, 2014, defendant HARRIS, in Broadway
21 Crips' territory, sold approximately 10.3 grams of highly pure
22 methamphetamine for $225 to a CS, and defendant HARRIS collected
23 an additional $250 from the CS for a previous methamphetamine
24 sale to the CS.
25     586. On April 21, 2014, defendant WASHINGTON and another
26 Broadway Crips member, in Broadway Crips' territory, sold two
27 rocks of crack cocaine for $40 to a CS.
28

587. On May 2, 2014, approximately 80 Broadway Crips members and associates, including defendants MARTINEZ, SUMPTER, WOOLEY, PETE, JUAN TYARS, JONES, KEATON, SWAFFI, MCCOY, WASHINGTON, WEBSTER, MURRLEY, CAMPBELL, CARTER, BRYANT, KOONCE, and BROWNLEE, attended the gang's Los Angeles Hood Day in Cheviot Hills, California.

588. On May 3, 2014, approximately 40 Broadway Crips members and associates, including defendants SUMPTER, TYRELL THOMAS SR., WOOLEY, BURRELL, and WEST, and Las Vegas members of the gang, attended the gang's Las Vegas Hood Day in Las Vegas, Nevada.

589. On May 14, 2014, defendant CARTER, in Broadway Crips' territory, confronted a victim resident and stated that the victim was in Broadway Crips' territory and that defendant CARTER was going to make the victim move out of the gang's territory. Thereafter, defendant CARTER called over approximately seven additional Broadway Crips members, including defendants MARTINEZ, TYRELL THOMAS SR., JONES, and MURRLEY, to confront the victim, who then fled into his house where his wife and daughter were; the Broadway Crips members attempted to gain entry into the victim's residence; defendant CARTER punched out a window to the residence.

590. On May 28, 2014, defendant MURRLEY, in Broadway Crips' territory, sold crack cocaine to a drug customer.

591. On May 28, 2014, defendant GREGORY GORDON, in Broadway Crips' territory, sold crack cocaine to a drug customer.

592. On June 4, 2014, defendant WASHINGTON, in Broadway Crips' territory, sold crack cocaine to a drug customer and told the drug customer "we got whatever you need."

593. On June 17, 2014, defendant BRAY, at his residence located at 729 W. 51st Street in Los Angeles, California, possessed a loaded Kel-Tec 9mm caliber handgun, bearing serial number 79396, and a Rohm model RG-14 .22 caliber revolver, bearing serial number 226229, three boxes of ammunition, and approximately $6,200 in cash.

594. On June 17, 2014, defendant CAMPBELL, at his residence located at 637 1/2 E. 115th Street in Los Angeles, California, possessed approximately 9.35 grams of marijuana, a digital scale, .38 caliber and shotgun ammunition, and more than $5,000 in cash.

595. On June 17, 2014, defendant DASHIELL, at his marijuana grow operation located at 847 E. 73rd Street in Los Angeles, California, possessed approximately 32 marijuana plants and four marijuana buds totaling 1,235 grams of marijuana, a loaded Browning model BDA-380 .380 caliber semi-automatic handgun, bearing serial number NT01936, and possessed approximately $4,115 in cash on his person.

596. On June 17, 2014, defendant GREGORY GORDON, at his residence located at 218 W. 58th Street in Broadway Crips' territory, possessed cocaine, marijuana, and prescription medication, all of which was for sale, narcotics packaging paraphernalia, ledgers, and a scale.

597. On June 17, 2014, defendant KELLY, at his residence located at 225 W. 53rd Street in Broadway Crips' territory, possessed 58 rounds of firearm ammunition and a digital scale.

598. On June 17, 2014, defendant LEGGETT, at his residence located at 901 W. 53rd Street in Los Angeles, California, possessed approximately 28.9 grams of crack cocaine, 62 grams of powder cocaine, a digital scale, narcotics packaging paraphernalia, a beaker, more than $24,000 in cash, and a currency counter.

599. On June 17, 2014, defendant LEE, at his residence located at 13710 Chadron Avenue, Unit #29, in Hawthorne, California, possessed a firearm that had been stolen during a takeover robbery of a business in Broadway Crips' territory, namely, a Springfield model XD9621 .45 caliber semi-automatic handgun, bearing serial number XD620458, loaded with nine rounds of .45 caliber ammunition, and approximately $720 in cash on his person.

600. On June 17, 2014, defendant MINNIEFIELD, at his residence located at 224 W. 52nd Place in Broadway Crips' territory, possessed five firearms, namely, a Western Field 12 gauge shotgun, bearing serial number 829789, a Western Field 12 gauge shotgun, bearing serial number 88474, a Browning semi-automatic 12 gauge shotgun, bearing serial number 72G10948, a stainless steel pistol-grip shotgun of unknown manufacture, bearing serial number 12873, and a 12 gauge shotgun of unknown manufacture, bearing an obliterated serial number.

601. On June 17, 2014, defendant RILEY, at his residence located at 329 1/2 W. 51st Street in Broadway Crips' territory,

possessed approximately 32 grams of crack cocaine, four digital scales, and narcotics packaging paraphernalia.

602. On June 17, 2014, defendant SWAFFI, at his residence located at 240 E. 55th Street in Broadway Crips' territory, possessed approximately 90.1 grams of crack cocaine, 2.0 grams of powder cocaine, 21.1 grams of marijuana, two digital scales, narcotics packaging paraphernalia, $1,200 in cash, a loaded Taurus model PT 909 9mm caliber semi-automatic handgun and a bag containing additional ammunition.

603. On June 17, 2014, defendant SWAFFI, at his other residence located at 182 E. 45th Street in Broadway Crips' territory, possessed a firearm, namely, a J.C. Higgins model 20 12 gauge sawed-off shotgun, and five rounds of shotgun ammunition.

604. On June 17, 2014, defendant TYRELL THOMAS SR., at his residence located at 13930 Chadron Avenue, Unit #303, in Hawthorne, California possessed a firearm, namely, a loaded Taurus model Tracker .17 caliber revolver, bearing serial number WD113205, and approximately $2,409 in cash.

605. On June 17, 2014 defendant TYRELL THOMAS SR., at his other residence located at 232 W. 54th Street in Broadway Crips' territory, possessed approximately ten marijuana plants.

606. On June 17, 2014, defendant JUAN TYARS, at his residence located at 328 W. 45th Street in Broadway Crips' territory, possessed crack cocaine for sale, powder cocaine, marijuana, methamphetamine, three digital scales, and narcotics packaging paraphernalia.

607. On June 17, 2014, defendant WEBSTER, at his residence located at 3461 2nd Avenue in Los Angeles, California, possessed marijuana for sale, narcotics packaging paraphernalia, ledger sheets, handgun magazines, ammunition, and approximately $2,409 in cash.

608. On June 17, 2014, defendant WEST, at his residence located at 225 W. 54th Street in Broadway Crips' territory, possessed 75 rounds of .25 caliber ammunition.

609. On June 17, 2014, defendant WOOLEY, at his illegal marijuana dispensary located at 308 W. 54th Street in Broadway Crips' territory, possessed marijuana for sale.

610. On October 6, 2014, defendant WOOLEY, while a fugitive, possessed a fictitious driver's license, a fictitious social security card, and approximately $2,922 in cash.

1                   <u>SPECIAL SENTENCING ALLEGATIONS</u>

2       1.   Beginning on a date unknown to the Grand Jury, and

3 continuing to on or about the date of this Indictment, in Los

4 Angeles County, within the Central District of California, and

5 elsewhere, defendants MARTINEZ, HARRIS, SUMPTER, SHAW, TYRELL

6 THOMAS SR., DASHIELL, CHARLES SMITH, KELLY, MARSHALL, WOOLEY,

7 PETE, LEGGETT, PEREZ, JUAN TYARS, HOUSTON, JONES, KEATON,

8 MINNIEFIELD, MUHAMMAD, HALL, BURRELL, SWAFFI, LUCAS, MCCOY,

9 WASHINGTON, JACKSON, BARNETT, INGRAM, ANTROINE TYARS SR.,

10 ANTROINE TYARS JR., WEBSTER, RILEY, MURRLEY, CAMPBELL, CARTER,

11 GREGORY GORDON, TYRELL THOMAS JR., TYRONE TYARS, WEST, SIMS,

12 BRYANT, DODDS, WHETSTONE, GOLDSTON, LEE, TONY GORDON, RICHARDS,

13 BRAY, HEARD, KOONCE, LAMAR THOMAS, BELLINGER, JAMES, RYAN SMITH,

14 GRIMBLE, KEITH, PITTS, and BROWNLEE, and others known and

15 unknown to the Grand Jury, conspired and agreed with each other

16 to knowingly and intentionally (i) distribute, and (ii) possess

17 with intent to distribute, at least 280 grams of a mixture and

18 substance containing a detectable amount of cocaine base in the

19 form of crack cocaine and at least five kilograms of a mixture

20 and substance containing a detectable amount of cocaine, each a

21 Schedule II narcotic drug controlled substance, in violation of

22 Title 21, United States Code, Sections 846 and 841(b)(1)(A).

23       2.   On or about March 10, 2003, in Los Angeles County,

24 within the Central District of California, defendant SHAW

25 committed the following act chargeable under state law:

26 Defendant SHAW unlawfully and intentionally killed victim L.R.

27 with malice aforethought, in violation of California Penal Code

28 Sections 31 and 187.

3.    Beginning no later than on or about October 29, 2012, and continuing to on or about the date of this Indictment, in Los Angeles County, within the Central District of California, defendant MARTINEZ committed the following act chargeable under state law:  Defendant MARTINEZ unlawfully conspired to intentionally kill co-conspirator Andre Griffin and A.S. with malice aforethought, in violation of California Penal Code Sections 182 and 187.

COUNT TWO

[18 U.S.C. §§ 1959(a)(1), 2]

1.    At all times relevant to this Indictment, the Broadway Crips gang, as described more particularly in Paragraphs 1 through 18 of the General Allegations, which paragraphs are re-alleged and incorporated by reference as if fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    At all times relevant to this Indictment, the Broadway Crips gang, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder, robbery, and extortion, in violation of the California Penal Code; offenses involving the manufacturing, selling, and otherwise dealing in controlled substances, namely, crack cocaine, cocaine, methamphetamine, PCP, ecstasy, marijuana, and codeine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1); and acts indictable under Title 18, United States Code, Section 1951 (Interference with Commerce by Threats or Violence), and Title 18, United States Code, Section 1512 (Tampering with a Witness, Victim, or Informant).

3.    On or about March 10, 2003, in Los Angeles County, within the Central District of California, for the purpose of

123

1  gaining entrance to and maintaining and increasing position in

2  the Broadway Crips gang, an enterprise engaged in racketeering

3  activity, defendant MARQUIS SHAW, also known as "T-Loon," while

4  aiding and abetting others known and unknown to the Grand Jury,

5  murdered victim L.R. with malice aforethought, in violation of

6  California Penal Code Sections 31 and 187, all in violation of

7  Title 18, United States Code, Section 1959(a)(1).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. § 1959(a)(5)]

1.     Paragraphs 1 and 2 of Count Two are re-alleged and incorporated by reference as if fully set forth herein.

2.     Beginning no later than on or about October 29, 2012, and continuing to on or about the date of this Indictment, in Los Angeles County, within the Central District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Broadway Crips gang, an enterprise engaged in racketeering activity, defendant TYRINE MARTINEZ, also known as "Lil' C-Bone," and others known and unknown to the Grand Jury, unlawfully and knowingly conspired to murder co-conspirator Andre Griffin and A.S., persons who the gang believed had violated gang rules, in violation of California Penal Code Sections 182 and 187, all in violation of Title 18, United States Code, Section 1959(a)(5).

1                          COUNT FOUR

2                  [18 U.S.C. § 1951(a)]

3      Paragraphs 1 through 18 of the General Allegations are re-

4 alleged and incorporated by reference as if fully set forth

5 herein.

6 A.    OBJECT OF THE CONSPIRACY

7      Beginning on a date unknown to the Grand Jury and

8 continuing to or about August 16, 2013, in Los Angeles County,

9 within the Central District of California, and elsewhere,

10 defendants CHARLES SMITH, also known as ("aka") "Big Solo"

11 ("CHARLES SMITH"), AKIA PETE, aka "Studda Box" ("PETE"), KHALID

12 ALI MUHAMMAD, aka "Juice" ("MUHAMMAD"), WILLIAM LUCAS, aka

13 "Knockout" ("LUCAS"), TRAYVONE JACKSON, aka "Deuce Von," aka

14 "Trey" ("JACKSON"), and RAVON MURRLEY, aka ("Crook"), and others

15 known and unknown to the Grand Jury, knowingly and willfully

16 conspired and agreed with each other to interfere with commerce

17 by robbery, in violation of Title 18, United States Code,

18 Section 1951(a).

19 B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

20      ACCOMPLISHED

21      The object of the conspiracy was to be accomplished in

22 substance as follows:

23      1.   Defendants CHARLES SMITH, PETE, MUHAMMAD, LUCAS,

24 JACKSON, and MURRLEY, and other Broadway Crips members and

25 associates, armed with, among other items, guns, tasers, and zip

26 ties, would form robbery crews that would target banks that

27 operate in interstate commerce, follow victims to and from these

28 banks and rob the victims of their business proceeds, cash that

1  was intended for or had just come from banks, bank and credit

2  cards, and other valuable personal items.

3      2.    Defendant CHARLES SMITH would lead the robbery crews.

4      3.    Defendants CHARLES SMITH, PETE, MUHAMMAD, LUCAS,

5  JACKSON, and MURRLEY, and other Broadway Crips members and

6  associates, would conduct surveillance for potential victims at

7  various banks, particularly at BBCN banks, which operate

8  nationwide and primarily serve Korean communities.

9  C.    OVERT ACTS

10     In furtherance of the conspiracy and to accomplish the

11 object of the conspiracy, on or about the following dates,

12 defendants CHARLES SMITH, PETE, MUHAMMAD, LUCAS, JACKSON, and

13 MURRLEY, and others known and unknown to the Grand Jury,

14 committed various overt acts within the Central District of

15 California, and elsewhere, including, but not limited to, the

16 following:

17     1.    On December 7, 2009, defendants CHARLES SMITH,

18 JACKSON, and MURRLEY, in Hollywood, California, possessed a

19 loaded Rossi .38 caliber revolver, bearing serial number

20 D606211, a taser, and a screwdriver, surveilled multiple banks,

21 and then broke into a parked Mercedes vehicle in order to steal

22 a bank purse containing approximately $200 in cash, Bank of

23 America blank checks, and checking and savings ledgers.

24     2.    On August 19, 2010, defendant LUCAS and another

25 Broadway Crips member, armed with a handgun, pistol-whipped,

26 assaulted, and robbed victim J.G., who was headed to a Wells

27 Fargo Bank in Gardena, California, to deposit $750 in cash and

28 $630 in checks.

3.    On March 12, 2013, defendants CHARLES SMITH and JACKSON, armed with a silver revolver, followed victim K.H., an Asian female, from the BBCN Bank in Torrance, California, to K.H.'s home, put a gun to her head, and robbed her of $2,500 that she had just withdrawn from the bank and a total of approximately $7,000 worth of cash and personal items.

4.    On April 6, 2013, defendants CHARLES SMITH and PETE, armed with a taser, attacked and robbed victim J.H., an Asian female, of victim J.H.'s property just after victim J.H. withdrew cash from the BBCN Bank in Los Angeles, California, and stole victim J.H.'s purse, cash, debit and credit cards, and sunglasses.

5.    On April 15, 2013, defendants PETE and CARTER, in Broadway Crips' territory, sold a handgun for $250 to a CS, and defendant PETE discussed the recent robbery of victim J.H. that he and defendant CHARLES SMITH committed.

6.    On April 19, 2013, defendants CHARLES SMITH and PETE, armed with a silver handgun, followed victim H.S., an Asian male, after victim H.S. withdrew money from the BBCN Bank in Torrance, California, and robbed victim H.S. of the $10,000 victim H.S. had just withdrawn for his business.  Defendants CHARLES SMITH and PETE then rammed their vehicle into another vehicle while fleeing the scene of the robbery.

7.    On April 30, 2013, defendants CHARLES SMITH and JACKSON surveilled the BBCN Bank in Torrance, California, and attempted to follow victim M.H., an Asian male, from the bank to rob him.

8.   On May 2, 2013, defendants CHARLES SMITH and JACKSON, while in possession of binoculars, black gloves, and approximately $1,342 in cash, surveilled the BBCN Bank in Torrance, California, for the purpose of following bank customers from the bank and robbing them.

9.   On July 15, 2013, defendant CHARLES SMITH and other Broadway Crips members, armed with a silver revolver, followed victim S.K., an Asian male, from the BBCN Bank in Gardena, California, to his home where they robbed him of approximately $850 worth of personal items and his American Express and Visa credit cards.

10.   On August 5, 2013, defendants CHARLES SMITH, PETE, and JACKSON, driving a vehicle whose true license plate was covered by paper plates, conducted surveillance on bank customers at various Chase Banks in the city of Bell, California.

11.   On August 16, 2013, defendants CHARLES SMITH, MUHAMMAD, and JACKSON, while armed with a loaded Smith & Wesson .38 caliber silver revolver, bearing serial number 461210, in San Bernardino, California, followed a victim from a BBCN Bank, robbed the victim at gunpoint of his wallet containing an American Express credit card and two blank checks, and fled from the police to Broadway Crips' territory.

12.   On August 16, 2013, defendant CHARLES SMITH, in his residence, located at 111 W. 52nd Place in Los Angeles, California, possessed a ski mask, taser, gloves, foreign currency, and a phone belonging to a bank customer who had been the victim of a robbery in Los Angeles.

COUNT FIVE

[18 U.S.C. §§ 1951(a), 2]

On or about August 19, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant WILLIAM LUCAS, also known as "Knockout" ("LUCAS"), while aiding and abetting others known and unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendant LUCAS did unlawfully take and obtain personal property consisting of a Wells Fargo Bank N.A. ("Wells Fargo") deposit bag containing $750 in cash and $630 in checks from the person and in the presence of victim J.G., who engaged in using the services of Wells Fargo, which operates in interstate commerce, and did so against victim J.G.'s will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, by pointing a handgun at, threatening, and pistol-whipping victim J.G.

COUNT SIX

[18 U.S.C. §§ 1951(a), 2]

On or about March 26, 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES SMITH, also known as "Big Solo" ("CHARLES SMITH"), and KENNETH WASHINGTON, aka "Tiny Dulow," aka "Little Ken Dog" ("WASHINGTON"), while aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants CHARLES SMITH and WASHINGTON and others known and unknown to the Grand Jury did unlawfully take and obtain property consisting of approximately $78,000 worth of jewelry from Sing's Jewelry Store, which orders and receives almost all of its inventory from outside California, and did so in the presence of victims A.S., E.S., and C.S., against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, that is, by pointing a handgun at the victims, forcing victim A.S. into another room to open the store's safe, and zip-tying victims E.S. and C.S.

COUNT SEVEN

[18 U.S.C. §§ 1951(a), 2]

On or about March 12, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES SMITH, also known as ("aka") "Big Solo" ("CHARLES SMITH"), and TRAYVONE JACKSON, aka "Deuce Von," aka "Trey" ("JACKSON"), while aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants CHARLES SMITH and JACKSON did unlawfully take and obtain personal property consisting of approximately $2,500 in cash from the person and in the presence of victim K.H., which victim K.H. had just withdrawn from BBCN Bank, which operates in interstate commerce, and did so against victim K.H.'s will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person, that is, by threatening victim K.H. with a silver revolver.

COUNT EIGHT

[18 U.S.C. §§ 1951(a), 2]

On or about April 6, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES SMITH, also known as ("aka") "Big Solo" ("CHARLES SMITH"), and AKIA PETE, aka "Studda Box" ("PETE"), while aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants CHARLES SMITH and PETE did unlawfully take and obtain personal property, to include debit and credit cards connected to financial institutions engaged in interstate commerce, from the person and in the presence of victim J.G., against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person, that is, by threatening victim J.G. with a taser after victim J.G. had just used the services of BBCN Bank, which operates in interstate commerce.

COUNT NINE

[18 U.S.C. §§ 1951(a), 2]

On or about April 19, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES SMITH, also known as ("aka") "Big Solo" ("CHARLES SMITH"), and AKIA PETE, aka "Studda Box" ("PETE"), while aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants CHARLES SMITH and PETE did unlawfully take and obtain $10,000 in proceeds from Cash Uno, a business that operates in interstate commerce, from the person and in the presence of victim H.C., against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, by threatening victim H.C. with a silver handgun after victim H.C. had withdrawn the $10,000 in question from BBCN Bank, which operates in interstate commerce.

COUNT TEN

[18 U.S.C. §§ 1951(a), 2]

On or about July 15, 2013, in Los Angeles County, within
the Central District of California, and elsewhere, defendant
CHARLES SMITH, also known as "Big Solo" ("CHARLES SMITH"), while
aiding and abetting others known and unknown to the Grand Jury,
did unlawfully obstruct, delay, and affect, and attempt to
obstruct, delay, and affect, commerce and the movement of
articles and commodities in commerce by robbery, as that term is
defined in Title 18, United States Code, Section 1951(b)(1), in
that defendant CHARLES SMITH did unlawfully take and obtain
personal property, to include debit and credit cards connected
to financial institutions engaged in interstate commerce, from
the person and in the presence of victim S.K., against his will,
by means of actual and threatened force, violence, and fear of
injury, immediate and future, to his person, that is, by
threatening victim S.K. with a silver revolver after victim S.K
had utilized the services of BBCN Bank, which operates in
interstate commerce.

COUNT ELEVEN

[18 U.S.C. §§ 1951(a), 2]

On or about August 16, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants CHARLES SMITH, also known as ("aka") "Big Solo" ("CHARLES SMITH"), KHALID ALI MUHAMMAD, aka "Juice" ("MUHAMMAD"), and TRAYVONE JACKSON, aka "Deuce Von," aka "Trey" ("JACKSON"), while aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that defendants CHARLES SMITH, MUHAMMAD, and JACKSON did unlawfully take and obtain personal property, to include debit and credit cards connected to financial institutions engaged in interstate commerce and $100 cash, from the person and in the presence of victim A.K., against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person, that is, by threatening victim A.K. with a firearm, after victim A.K. had utilized the services the BBCN Bank, which operates in interstate commerce.

COUNT TWELVE

[21 U.S.C. § 846]

Paragraphs 1 through 18 of the General Allegations are re-alleged and incorporated by reference as if fully set forth herein.

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing to on or about the date of this Indictment, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARTINEZ, HARRIS, SUMPTER, SHAW, TYRELL THOMAS SR., DASHIELL, CHARLES SMITH, KELLY, MARSHALL, WOOLEY, PETE, LEGGETT, PEREZ, JUAN TYARS, HOUSTON, JONES, KEATON, MINNIEFIELD, MUHAMMAD, HALL, BURRELL, SWAFFI, LUCAS, MCCOY, WASHINGTON, JACKSON, BARNETT, INGRAM, ANTROINE TYARS SR., ANTROINE TYARS JR., WEBSTER, RILEY, MURRLEY, CAMPBELL, CARTER, GREGORY GORDON, TYRELL THOMAS JR., TYRONE TYARS, WEST, SIMS, BRYANT, DODDS, WHETSTONE, GOLDSTON, LEE, TONY GORDON, RICHARDS, BRAY, KOONCE, LAMAR THOMAS, BELLINGER, JAMES, RYAN SMITH, GRIMBLE, KEITH, PITTS, BROWNLEE, PEDRO SANCHEZ, aka "Peezy" ("SANCHEZ"), and JERMAINE BURTON, aka "J-Bone" ("BURTON") (collectively, "defendants"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally (i) possess with intent to distribute, and (ii) distribute, the following controlled substances:

1.    at least 280 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine ("crack cocaine"), a Schedule II narcotic drug

137

1 controlled substance, in violation of Title 21, United States

2 Code, Sections 841(a)(1), (b)(1)(A)(iii);

3     2.   at least five kilograms of a mixture and substance

4 containing a detectable amount of cocaine, a Schedule II

5 narcotic drug controlled substance, in violation of Title 21,

6 United States Code, Sections 841(a)(1), (b)(1)(A)(ii);

7     3.   at least 100 grams of phencyclidine ("PCP"), a

8 Schedule II controlled substance, in violation of Title 21,

9 United States Code, Sections 841(a)(1), (b)(1)(A)(iv);

10     4.   at least 50 grams of methamphetamine, a Schedule II

11 controlled substance, in violation of Title 21, United States

12 Code, Sections 841(a)(1), (b)(1)(A)(viii);

13     5.   3-4 methylenedioxymethamphetamine ("MDMA" or

14 "ecstasy"), a Schedule I controlled substance, in violation of

15 Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

16     6.   Codeine, a Schedule II controlled substance, in

17 violation of Title 21, United States Code, Sections 841(a)(1),

18 (b)(1)(C); and

19     7.   A mixture and substance containing a detectable amount

20 of marijuana, a Schedule I controlled substance, in violation of

21 Title 21, United States Code, Sections 841(a)(1), (b)(1)(D).

22 B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

23     ACCOMPLISHED

24     The objects of the conspiracy were to be accomplished in

25 substance as follows:

26     1.   Defendants MARTINEZ, SUMPTER, SHAW, WOOLEY, LEGGETT,

27 JUAN TYARS, BURRELL, and PITTS would act as central drug

28 suppliers to the gang.

2.    Defendant SANCHEZ would supply defendant SUMPTER with cocaine and crack cocaine.

3.    Defendant ANTROINE TYARS SR., at the direction of defendants MARTINEZ and SUMPTER, would operate a drug stash location known as "the Store," located at 143 E. 57th Street in Los Angeles, California, in order to supply drugs to Broadway Crips members for re-distribution and for sale to street-level customers.

4.    Defendants KEATON, HALL, and WHETSTONE, at the direction of defendants MARTINEZ and SUMPTER, would operate a drug stash location known as "the Spot," located at 142 W. 56th Street, in Los Angeles, California, in order to supply drugs to Broadway Crips members for re-distribution and for sale to street-level customers.

5.    Defendants MARTINEZ, KELLY, and SWAFFI would supply controlled substances and firearms for the Broadway Crips gang, and would ensure that younger members had sufficient controlled substances to sell.

6.    Defendants MARTINEZ, SUMPTER, SHAW, JUAN TYARS, HOUSTON, RILEY, DODDS, and LEE would convert or "cook" powder cocaine to make crack cocaine to supply to other Broadway Crips members and drug customers.

7.    Defendants MARTINEZ, HARRIS, SUMPTER, SHAW, TYRELL THOMAS SR., DASHIELL, KELLY, MARSHALL, WOOLEY, PETE, LEGGETT, PEREZ, JONES, KEATON, MINNIEFIELD, HALL, BURRELL, SWAFFI, LUCAS, MCCOY, WASHINGTON, JACKSON, BARNETT, INGRAM, ANTROINE TYARS SR., ANTROINE TYARS JR., WEBSTER, MURRLEY, CAMPBELL, CARTER, GREGORY GORDON, TYRELL THOMAS JR., WEST, SIMS, BRYANT, DODDS, WHETSTONE,

1  LEE, TONY GORDON, GRIMBLE, KEITH, and PITTS would sell drugs

2  within Broadway Crips' territory, would protect the gang's

3  territory by carrying firearms, and would use violence against

4  the gang's rivals and enemies, including through attempted

5  murder, acts of intimidation, assaults, and shootings.

6       8.   Defendants MARTINEZ, HARRIS, SUMPTER, SHAW, TYRELL

7  THOMAS SR., DASHIELL, KELLY, MARSHALL, WOOLEY, PETE, LEGGETT,

8  PEREZ, JUAN TYARS, HOUSTON, JONES, KEATON, MINNIEFIELD, HALL,

9  BURRELL, SWAFFI, LUCAS, MCCOY, WASHINGTON, JACKSON, BARNETT,

10 INGRAM, ANTROINE TYARS SR., ANTROINE TYARS JR., WEBSTER,

11 MURRLEY, CAMPBELL, CARTER, GREGORY GORDON, TYRELL THOMAS JR.,

12 TYRONE TYARS, WEST, SIMS, BRYANT, DODDS, WHETSTONE, LEE, TONY

13 GORDON, RICHARDS, BRAY, KOONCE, BELLINGER, RYAN SMITH, GRIMBLE,

14 KEITH, PITTS, and BROWNLEE would sell drugs within Broadway

15 Crips' territory, would protect the gang's territory from

16 rivals, and would ensure that only Broadway Crips or permitted

17 associates sold drugs within the gang's territory.

18      9.   Defendants MARTINEZ, HARRIS, SHAW, DASHIELL, JUAN

19 TYARS, HOUSTON, DODDS, and KEITH would coordinate the interstate

20 distribution of drugs utilizing a network of Broadway Crips

21 members and associates.

22      10.  Defendant WOOLEY would operate an illegal marijuana

23 dispensary inside Broadway Crips' territory.  Defendant DASHIELL

24 would operate a marijuana grow operation that would supply

25 marijuana to the gang.

26      11.  Defendants RILEY and WHETSTONE would transport drugs,

27 drug proceeds, and firearms on behalf of the gang.

28

1     12.   Defendants MARTINEZ, TYRELL THOMAS SR., RILEY,

2  MURRLEY, and JAMES would store the gang's firearms in order to

3  hide them from law enforcement.

4     13.   Defendant JAMES would allow Broadway Crips members to

5  cook crack cocaine for later distribution in his residence.

6     14.   Defendant BURTON would purchase crack cocaine from

7  defendants MARTINEZ and SUMPTER in order to re-sell the drugs to

8  his own customers.

9  C.   OVERT ACTS

10     In furtherance of the conspiracy and to accomplish the

11  objects of the conspiracy, on or about the following dates, the

12  defendants, and others known and unknown to the Grand Jury,

13  committed various overt acts within the Central District of

14  California, and elsewhere, including but not limited to Overt

15  Acts numbered 1 through 610 as set forth in Count One, which are

16  re-alleged and incorporated by reference as if fully set forth

17  herein, as well as the following:

18     611. On February 28, 2013, in order to arrange a drug

19  transaction, defendant SANCHEZ, using coded language in a

20  telephone conversation, informed defendant SUMPTER that

21  defendant SANCHEZ was on his way to defendant SUMPTER's

22  residence.

23     612. On March 3, 2013, in order to arrange a drug

24  transaction, defendant SANCHEZ, using coded language in a

25  telephone conversation, informed defendant SUMPTER that

26  defendant SANCHEZ was on his way to defendant SUMPTER's

27  residence.

28

613. On March 4, 2013, in order to arrange a drug transaction, defendant SANCHEZ, using coded language in a telephone conversation, informed defendant SUMPTER that defendant SANCHEZ was on his way to defendant SUMPTER's residence.

614. On March 4, 2013, in order to arrange a drug transaction, defendant SUMPTER, using coded language in a telephone conversation, instructed defendant BURTON to return to defendant SUMPTER's residence because defendant SUMPTER's cocaine supplier had just arrived.

615. On March 6, 2013, in order to arrange a drug transaction, defendant SANCHEZ, using coded language in a telephone conversation, informed defendant SUMPTER that defendant SANCHEZ was on his way to defendant SUMPTER's residence.

616. On March 8, 2013, in order to arrange a drug transaction, defendant SANCHEZ, using coded language in a telephone conversation, informed defendant SUMPTER that defendant SANCHEZ was on his way to defendant SUMPTER's residence.

617. On March 8, 2013, in order to arrange a drug transaction, defendant SUMPTER, using coded language in a telephone conversation, informed defendant BURTON to come to defendant SUMPTER's residence.

618. On March 13, 2013, in order to arrange a drug transaction, defendant BURTON, using coded language in a telephone conversation, informed defendant SUMPTER that

1   defendant BURTON was on his way to defendant SUMPTER's

2   residence.

3       619. On March 16, 2013, in order to arrange a drug

4   transaction, defendant BURTON, using coded language in a

5   telephone conversation, informed defendant SUMPTER that

6   defendant BURTON was on his way to defendant SUMPTER's

7   residence.

8       620. On March 18, 2013, in order to arrange a drug

9   transaction, defendant BURTON, using coded language in a

10   telephone conversation, informed defendant SUMPTER that

11   defendant BURTON was on his way to defendant SUMPTER's

12   residence.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 16, 2009, in Los Angeles County, within the Central District of California, defendant ROBERT PITTS, also known as "Doughboy," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

144

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about April 6, 2010, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

145

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about April 27, 2011, in Kern County, within the Central District of California, defendant ANTHONY WOOLEY, also known as ("aka") "Big Sneak," aka "Sneak," knowingly and intentionally possessed with intent to distribute at least 280 grams, that is, approximately 340 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

1                                COUNT SIXTEEN

2                    [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

3          On or about August 22, 2011, in Los Angeles County, within

4    the Central District of California, defendant ROOSEVELT SUMPTER,

5    also known as ("aka") "Tu Tu," aka "T-Dog," knowingly and

6    intentionally distributed at least 28 grams, that is,

7    approximately 41.1 grams, of a mixture and substance containing

8    a detectable amount of cocaine base in the form of crack

9    cocaine, a Schedule II narcotic drug controlled substance.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT SEVENTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about September 7, 2011, in Los Angeles County, within the Central District of California, defendant MARQUIS SHAW, also known as "T-Loon," knowingly and intentionally distributed at least 28 grams, that is, approximately 42.2 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

## COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about September 28, 2011, in Los Angeles County, within the Central District of California, defendant FRANK RILEY, also known as ("aka") "Unc," aka "Old Man," aka "OJ," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT NINETEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about October 12, 2011, in Los Angeles County, within the Central District of California, defendant JOHNNY LEGGETT knowingly and intentionally distributed at least 28 grams, that is, approximately 41 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

## COUNT TWENTY

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about October 13, 2011, in Los Angeles County, within the Central District of California, defendants LORD KELLY, also known as ("aka") "Lil' Rave," and ROBERT CURTIS BARNETT, aka "Baby Ange," aka "Lil' Rob," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWENTY-ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about November 8, 2011, in Los Angeles County, within the Central District of California, defendant ROOSEVELT SUMPTER, also known as ("aka") "Tu Tu," aka "T-Dog," knowingly and intentionally distributed at least 28 grams, that is, approximately 41.4 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWENTY-TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about December 13, 2011, in Los Angeles County, within the Central District of California, defendant ANTONIO DODDS, aka "Tone," knowingly and intentionally distributed at least 28 grams, that is, approximately 55.4 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWENTY-THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about June 21, 2012, in Los Angeles County, within the Central District of California, defendant LELAND WEBSTER, also known as "Wimp," knowingly and intentionally distributed at least 28 grams, that is, approximately 31.4 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWENTY-FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about August 15, 2012, in Los Angeles County, within the Central District of California, defendant JOSHUA PEREZ, also known as "Tiny Ange," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWENTY-FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about October 3, 2012, in Los Angeles County, within the Central District of California, defendants ANTHONY WOOLEY, also known as ("aka") "Big Sneak," aka "Sneak," and CHRIS DONTE BURRELL, aka "Fly," aka "Smooth," knowingly and intentionally distributed at least 28 grams, that is, approximately 41 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWENTY-SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about December 4, 2012, in Los Angeles County, within the Central District of California, defendants TYRINE MARTINEZ, also known as ("aka") "Lil' C-Bone," ROOSEVELT SUMPTER, aka "Tu Tu," aka "T-Dog," and PEDRO SANCHEZ, aka "Peezy," knowingly and intentionally distributed at least 28 grams, that is, approximately 59.9 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

## COUNT TWENTY-SEVEN

### [21 U.S.C. §§ 841(a)(1), (b)(1)(D)]

On or about March 27, 2013, in Los Angeles County, within the Central District of California, defendant ROOSEVELT SUMPTER, also known as ("aka") "Tu Tu," aka "T-Dog," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

COUNT TWENTY-EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(D)]

On or about September 19, 2013, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

COUNT TWENTY-NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about November 26, 2013, in Los Angeles County, within the Central District of California, defendant DERREK JONES, also known as "Dirty D," knowingly and intentionally distributed at least 28 grams, that is, approximately 38.5 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT THIRTY

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about December 5, 2013, in Los Angeles County, within the Central District of California, defendant DERREK JONES, also known as "Dirty D," knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 102.2 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT THIRTY-ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant JOHNNIE LEGGETT knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 28.9 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT THIRTY-TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant FRANK RILEY, also known as ("aka") "Unc," aka "Old Man," aka "OJ," knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 32 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT THIRTY-THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat," knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 90.1 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

1                COUNTS THIRTY-FOUR THROUGH EIGHTY-THREE

2                     [21 U.S.C. § 860]

3     On or about the following dates, in Los Angeles County,

4 within the Central District of California, defendants TYRINE

5 MARTINEZ, also known as ("aka") "Lil' C-Bone" ("MARTINEZ"),

6 TRACY HARRIS, aka "Woody" ("HARRIS"), ROOSEVELT SUMPTER, aka "Tu

7 Tu," aka "T-Dog" ("SUMPTER"), MARQUIS SHAW, aka "T-Loon"

8 ("SHAW"), TYRELL THOMAS SR., aka "Big Rave" ("TYRELL THOMAS

9 SR."), KEEFE DASHIELL, aka "Bugz" ("DASHIELL"), LORD KELLY, aka

10 "Lil' Rave" ("KELLY"), ANTHONY WOOLEY, aka "Big Sneak," aka

11 "Sneak" ("WOOLEY"), JOHNNIE LEGGETT ("LEGGETT"), JOSHUA PEREZ,

12 aka "Tiny Ange" ("PEREZ"), JUAN TYARS, aka "Big Brat" ("JUAN

13 TYARS"), JERMAINE HOUSTON, aka "J-Bone" ("HOUSTON"), DERREK

14 JONES, aka "Dirty D" ("JONES"), CHRIS DONTE BURRELL, aka "Fly,"

15 aka "Smooth" ("BURRELL"), PATRICK SWAFFI, aka "Pat" ("SWAFFI"),

16 TIMMY LEE MCCOY, aka "Big Lee" ("MCCOY"), ROBERT CURTIS BARNETT,

17 aka "Baby Ange," aka "Lil' Rob" ("BARNETT"), ANTROINE TYARS JR.,

18 aka "Lil' Crazy A" ("ANTROINE TYARS JR."), LELAND WEBSTER, aka

19 "Wimp" ("WEBSTER"), FRANK RILEY, aka "Unc," aka "Old Man," aka

20 "OJ" ("RILEY"), RAVON MURRLEY, aka "Crook" ("MURRLEY"), KEVIN

21 CAMPBELL, aka "Scooby," aka "Kev Dog," aka "Slim" ("CAMPBELL"),

22 GREGORY GORDON, aka "Baby Lil' Man" ("GREGORY GORDON"), ANTONIO

23 WEST, aka "Tone Bone" ("WEST"), KEVIN SIMS, aka "Hot Box"

24 ("SIMS"), TRAVIS ANTONIO BRYANT, aka "Ange," aka "Dice," aka

25 "Baby Dice" ("BRYANT"), ANTONIO DODDS, aka "Tone" ("DODDS"),

26 BOBBY BRAY, aka "Nite Owl," aka "Nite Out," aka "Darwin Pitts"

27 ("BRAY"), and MARK KEITH, aka "Baby Too Cool" ("KEITH"), and

28 others known and unknown to the Grand Jury, knowingly and

1  intentionally possessed with intent to distribute and

2  distributed the following quantities of a mixture and substance

3  containing a detectable amount of:  cocaine, a Schedule II

4  narcotic drug controlled substance; cocaine base in the form of

5  crack cocaine ("crack cocaine"), a Schedule II narcotic drug

6  controlled substance; methamphetamine, a Schedule I controlled

7  substance; and marijuana, a Schedule I controlled substance; in

8  violation of Title 21, United States Code, Sections 841(a)(1),

9  (b)(1)(B), and (b)(1)(C), in and on, and within 1,000 feet of,

10  the real property comprising of (1) public and private

11  elementary schools, namely, Estrella Elementary and Early

12  Education Center, located at 120 East 57th Street, Los Angeles,

13  California ("Estrella Elem."); La Salle Avenue Elementary

14  School, located at 8715 La Salle Avenue, Los Angeles, California

15  ("La Salle Elem."); Main Street Elementary School, located at

16  129 East 53rd Street, Los Angeles, California ("Main St.

17  Elem."); Bright Elementary School, located at 1771 West 36th

18  Street, Los Angeles, California ("Bright Elem."); Wisdom

19  Elementary and Preschool Program, located at 1125 East 74th

20  Street, Los Angeles, California ("Wisdom Elem."); 52nd Street

21  Elementary and Early Education Center, located at 816 West 51st

22  Street, Los Angeles, California ("52nd Elem."); West Vernon

23  Elementary School, located at 4312 South Grand Avenue, Los

24  Angeles ("W. Vernon Elem."); Summit Preparatory Charter School

25  located at 5100 S. Broadway, Los Angeles, California ("Summit

26  Prep."); Main Castle Learning Center located at 4412 S.

27  Broadway, Los Angeles, California ("Main Castle"); (2) public

28  and private secondary schools, namely, Angelou Community High

166

1  School, located at 300 East 53rd Street, Los Angeles, California

2  ("Angelou H.S."); Wallis Annenberg High School, located at 4000

3  South Main Street, Los Angeles, California ("Wallis H.S.");

4  Aspire Slauson Academy, located at 123 West 59th Street, Los

5  Angeles, California ("Aspire Academy"); Opportunities Unlimited

6  Charter High School located at 5100 S. Broadway, Los Angeles,

7  California ("Opportunities H.S."); Synergy Quantum Academy High

8  School located at 300 E. 53rd Street, Los Angeles, California

9  ("Synergy H.S."); Cornerstone Accelerated Learning Academy

10 located at 2421 W. Jefferson Boulevard, Los Angeles, California

11 ("Cornerstone Academy"); and (3) public parks, namely, Pocket

12 Park, located at 5207 South Broadway, Los Angeles, California

13 and Leslie N. Shaw Park, located at 2223 W. Jefferson Boulevard,

14 Los Angeles, California ("Shaw Park").

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT THIRTY-FOUR | On March 24, 2011, defendant BURRELL knowingly and intentionally distributed approximately 27.3 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |
| COUNT THIRTY-FIVE | On June 22, 2011, defendant WOOLEY knowingly and intentionally distributed approximately 26.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT THIRTY-SIX | On July 12, 2011, defendant WOOLEY knowingly and intentionally distributed approximately 27.5 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |
| COUNT THIRTY-SEVEN | On August 15, 2011, defendant SHAW knowingly and intentionally distributed approximately 14.0 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem.; Pocket Park |
| COUNT THIRTY-EIGHT | On September 6, 2011, defendant BARNETT knowingly and intentionally distributed approximately 26.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem; Pocket Park |
| COUNT THIRTY-NINE | On September 28, 2011, defendants ANTROINE TYARS JR. and BRAY knowingly and intentionally distributed approximately 13.6 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT FORTY | On October 4, 2011, defendant BRAY knowingly and intentionally distributed approximately 27.5 grams of a mixture and substance containing a detectable amount of crack cocaine. | 52nd Elem. |
| COUNT FORTY-ONE | On October 6, 2011, defendant BRYANT knowingly and intentionally distributed approximately 27.6 grams of a mixture and substance containing a detectable amount of crack cocaine. | W. Vernon Elem. |
| COUNT FORTY-TWO | On October 12, 2011, defendant LEGGETT knowingly and intentionally distributed approximately 41.0 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem. |
| COUNT FORTY-THREE | On November 8, 2011, defendant SUMPTER knowingly and intentionally distributed approximately 41.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem. |

169

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT FORTY-FOUR | On December 1, 2011, defendant CAMPBELL knowingly and intentionally distributed approximately 14.0 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |
| COUNT FORTY-FIVE | On December 13, 2011, defendant DODDS knowingly and intentionally distributed approximately 55.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | W. Vernon Elem. |
| COUNT FORTY-SIX | On January 25, 2012, defendant SWAFFI knowingly and intentionally distributed approximately 13.6 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem. |
| COUNT FORTY-SEVEN | On February 21, 2012, defendant GREGORY GORDON knowingly and intentionally distributed approximately 25.7 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |

170

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT FORTY-EIGHT | On March 22, 2012, defendant SHAW knowingly and intentionally distributed approximately 12.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem.; Pocket Park |
| COUNT FORTY-NINE | On May 15, 2012, defendants JUAN TYARS and SIMS knowingly and intentionally distributed approximately 27.5 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |
| COUNT FIFTY | On June 12, 2012, defendant KEITH knowingly and intentionally distributed approximately 9.9 grams of a mixture and substance containing a detectable amount of marijuana. | Estrella Elem.; Aspire Academy |
| COUNT FIFTY-ONE | On June 13, 2012, defendant WEBSTER knowingly and intentionally distributed approximately 17.1 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT FIFTY-TWO | On June 21, 2012, defendant WEBSTER knowingly and intentionally distributed approximately 31.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |
| COUNT FIFTY-THREE | On August 7, 2012, defendant KELLY knowingly and intentionally distributed approximately 118 grams of a mixture and substance containing a detectable amount of marijuana. | Main St. Elem.; Pocket Park |
| COUNT FIFTY-FOUR | On August 15, 2012, defendant PEREZ knowingly and intentionally possessed with intent to distribute approximately 9.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem. |
| COUNT FIFTY-FIVE | On August 22, 2012, defendant MCCOY knowingly and intentionally distributed approximately 53.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem. |

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT FIFTY-SIX | On September 6, 2012, defendant SWAFFI knowingly and intentionally distributed approximately 27.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem. |
| COUNT FIFTY-SEVEN | On September 18, 2012, defendant MARTINEZ knowingly and intentionally distributed approximately 27.1 grams of a mixture and substance containing a detectable amount of crack cocaine | Pocket Park |
| COUNT FIFTY-EIGHT | On September 27, 2012, defendant DASHIELL knowingly and intentionally possessed with intent to distribute approximately 20 marijuana plants. | La Salle Elem. |
| COUNT FIFTY-NINE | On October 3, 2012, defendant BURRELL knowingly and intentionally distributed approximately 41.0 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |

| COUNT SIXTY | On October 10, 2012, defendant JUAN TYARS knowingly and intentionally distributed approximately 27.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |
| --- | --- | --- |
| COUNT SIXTY-ONE | On October 16, 2012, defendants LEGGETT and JUAN TYARS knowingly and intentionally distributed approximately 34.4 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |
| COUNT SIXTY-TWO | On November 7, 2012, defendant LEGGETT knowingly and intentionally distributed approximately 35.5 grams of a mixture and substance containing a detectable amount of cocaine. | 52nd Elem. |
| COUNT SIXTY-THREE | On December 4, 2012, defendant MARTINEZ knowingly and intentionally distributed approximately 59.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | Main St. Elem.; Angelou H.S. |

174

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT SIXTY-FOUR | On January 8, 2013, defendant HOUSTON knowingly and intentionally distributed approximately 7.8 grams of a mixture and substance containing a detectable amount of crack cocaine. | Estrella Elem.; Aspire Academy |
| COUNT SIXTY-FIVE | On January 10, 2013, defendant KELLY knowingly and intentionally distributed approximately 5.7 grams of a mixture and substance containing a detectable amount of marijuana. | Main St. Elem.; Pocket Park |
| COUNT SIXTY-SIX | On March 27, 2013, defendant HOUSTON knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine. | Pocket Park |
| COUNT SIXTY-SEVEN | On March 27, 2013 defendant WEST knowingly and intentionally distributed approximately 2.06 grams of a mixture and substance containing a detectable amount of crack cocaine. | Pocket Park |

175

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT SIXTY-EIGHT | On September 27, 2013, defendant JONES knowingly and intentionally distributed approximately 25.8 grams of a mixture and substance containing a detectable amount of crack cocaine. | Angelou H.S. |
| COUNT SIXTY-NINE | On November 26, 2013, defendant JONES knowingly and intentionally distributed approximately 38.5 grams of a mixture and substance containing a detectable amount of crack cocaine. | Angelou H.S. |
| COUNT SEVENTY | On December 5, 2013, defendant JONES knowingly and intentionally possessed with intent to distribute approximately 102.2 grams of a mixture and substance containing a detectable amount of crack cocaine. | Angelou H.S. |
| COUNT SEVENTY-ONE | On December 11, 2013, defendant DASHIELL knowingly and intentionally possessed with intent to distribute approximately 50 marijuana plants. | Wisdom Elem. |
| COUNT SEVENTY-TWO | On January 14, 2014, defendant HARRIS knowingly and intentionally distributed approximately 13.5 grams of actual methamphetamine. | Main St. Elem; Pocket Park |

176

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|-------|-------------|------------------------|
| COUNT SEVENTY-THREE | On January 15, 2014, defendant HARRIS knowingly and intentionally distributed approximately 10.3 grams of methamphetamine. | Main St. Elem; Pocket Park |
| COUNT SEVENTY-FOUR | On May 28, 2014, defendant MURRLEY knowingly and intentionally distributed crack cocaine. | W. Vernon Elem. |
| COUNT SEVENTY-FIVE | On June 17, 2014, defendant DASHIELL knowingly and intentionally possessed with intent to distribute approximately 1,235 grams of marijuana. | Wisdom Elem. |
| COUNT SEVENTY-SIX | On June 17, 2014, defendant GREGORY GORDON knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine. | Aspire Academy |
| COUNT SEVENTY-SEVEN | On June 17, 2014, defendant LEGGETT knowingly and intentionally possessed with intent to distribute approximately 28.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | 52nd Street Elem. |
| COUNT SEVENTY-EIGHT | On June 17, 2014 defendant RILEY knowingly and intentionally possessed with intent to distribute approximately 32 grams of a mixture and substance containing a detectable amount of crack cocaine. | Opportunities H.S.; Summit Prep. |

| COUNT | DESCRIPTION | PROTECTED LOCATION(S) |
|---|---|---|
| COUNT SEVENTY-NINE | On June 17, 2014, defendant SWAFFI knowingly and intentionally possessed with intent to distribute approximately 90.1 grams of a mixture and substance containing a detectable amount of crack cocaine. | Angelou H.S.; Synergy H.S. |
| COUNT EIGHTY | On June 17, 2014, defendant TYRELL THOMAS SR. knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of marijuana. | Opportunities H.S.; Summit Prep. |
| COUNT EIGHTY-ONE | On June 17, 2014, defendant JUAN TYARS knowingly and intentionally possessed with intent to distribute approximately 6.9 grams of a mixture and substance containing a detectable amount of crack cocaine. | W. Vernon Elem.; Main Castle |
| COUNT EIGHTY-TWO | On June 17, 2014, defendant WEBSTER knowingly and intentionally possessed with intent to distribute approximately 81.2 grams of a mixture and substance containing a detectable amount of marijuana. | Cornerstone Academy; Shaw Park |
| COUNT EIGHTY-THREE | On June 17, 2014, defendant WOOLEY knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana. | Opportunities H.S.; Summit Prep. |

178

COUNT EIGHTY-FOUR

[18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(i), 2]

On or about March 10, 2003, in Los Angeles County, within the Central District of California, defendant MARQUIS SHAW, also known as "T-Loon" ("SHAW"), while aiding and abetting others known and unknown to the Grand Jury, knowingly used and carried at least one of the following firearms, namely, a Glock 9mm caliber semi-automatic handgun, bearing serial number CY580US, and a .40 caliber handgun of an unknown manufacturer, during and in relation to, and possessed at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and murder in aid of racketeering activity, in violation of Title 18, United States Code, Section 1959(a)(1), as charged in Count Two of this Indictment, and in so doing, brandished and discharged at least one of those firearms.

In the commission of these offenses, and through the use and discharge of at least one of those firearms, defendant SHAW, while aiding and abetting others known and unknown to the Grand Jury, caused the death of L.R., and L.R.'s death constituted a murder, as defined in Title 18, United States Code, Section 1111(a), namely, a killing with malice aforethought.

COUNT EIGHTY-FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 19, 2009, in Los Angeles County, within the Central District of California, defendant JOSHUA PEREZ, also known as "Tiny Ange," knowingly used and carried a firearm, namely, a loaded Smith & Wesson 9mm caliber semi-automatic handgun, bearing serial number TFR0912, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment.

COUNT EIGHTY-SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 16, 2009, in Los Angeles County, within the Central District of California, defendant ROBERT PITTS, also known as "Doughboy," knowingly possessed a loaded Beretta semi-automatic handgun in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Fifteen of this Indictment.

COUNT EIGHTY-SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 7, 2009, in Los Angeles County, within the Central District of California, defendants CHARLES SMITH, also known as ("aka") "Big Solo," TRAYVONE JACKSON, aka "Deuce Von," aka "Trey," and RAVON MURRLEY, aka "Crook," knowingly used and carried a firearm, namely, a loaded Rossi .38 caliber revolver, bearing serial number D606211, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment.

COUNT EIGHTY-EIGHT

[18 U.S.C. § 924(c)(1)(A)(iii)]

On or about April 6, 2010, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat," knowingly used and carried a firearm, namely, a Sig Sauer model P220 .45 caliber semi-automatic handgun, bearing serial number G238104, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and in so doing, brandished and discharged that firearm.

COUNT EIGHTY-NINE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about April 6, 2010, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat," knowingly possessed a firearm, namely, a Ruger model P90 .45 caliber semi-automatic handgun, bearing serial number 66155134, in furtherance of a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Fourteen of this Indictment.

COUNT NINETY

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2]

On or about August 19, 2010, in Los Angeles County, within the Central District of California, defendant WILLIAM LUCAS, also known as "Knockout," while aiding and abetting others known and unknown to the Grand Jury, knowingly used and carried a firearm during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, conspiracy to interfere with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment, and interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Five of this Indictment, and in so doing, brandished that firearm.

1                              COUNT NINETY-ONE

2                          [18 U.S.C. § 924(c)(1)(A)(i)]

3          On or about January 2, 2011, in Los Angeles County, within

4    the Central District of California, defendant ROY RICHARDS, also

5    known as "Awful," knowingly used and carried a firearm, namely,

6    a loaded Springfield model XD 9mm caliber pistol, bearing serial

7    number US805474, during and in relation to, and possessed that

8    firearm in furtherance of, a crime of violence, namely,

9    conspiracy to engage in racketeering activity, in violation of

10   Title 18, United States Code, Section 1962(d), as charged in

11   Count One of this Indictment.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT NINETY-TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about April 27, 2011, in Los Angeles County, within the Central District of California, defendant ANTHONY WOOLEY, also known as ("aka") "Big Sneak," aka "Sneak," knowingly used and carried a firearm, namely, a loaded Beretta model 20 .25 caliber handgun, bearing serial number BE08017V, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Fifteen of this Indictment.

COUNT NINETY-THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about September 28, 2011, in Los Angeles County, within the Central District of California, defendant FRANK RILEY, also known as ("aka") "Unc," aka "Old Man," aka "OJ," knowingly possessed a firearm, namely, a loaded and stolen Glock model 22 .40 caliber semi-automatic handgun, bearing serial number HHC316, in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Eighteen of this Indictment.

COUNT NINETY-FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about October 13, 2011, in Los Angeles County, within the Central District of California, defendants LORD KELLY, also known as ("aka") "Lil' Rave," and ROBERT CURTIS BARNETT, aka "Baby Ange," aka "Lil' Rob," knowingly used and carried firearms, namely, a Ruger model P89 9mm semi-automatic handgun, bearing serial number 30710221, and a Beretta model 21A .22 caliber semi-automatic handgun, bearing serial number BES02695U, during and in relation to, and possessed those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Twenty of this Indictment.

COUNT NINETY-FIVE

[18 U.S.C. § 924(c)(1)(A)(ii)]

On or about March 24, 2012, in Los Angeles County, within the Central District of California, defendant ANTONIO DODDS, also known as "Tone," knowingly used and carried a firearm during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and in so doing, brandished that firearm.

190

COUNT NINETY-SIX

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2]

On or about March 26, 2012, in Los Angeles County, within the Central District of California, defendants CHARLES SMITH, also known as ("aka") "Big Solo," and KENNETH WASHINGTON, aka "Tiny Dulow," aka "Little Ken Dog," knowingly used and carried a firearm during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Six of this Indictment, and by so doing, brandished that firearm.

191

COUNT NINETY-SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about May 11, 2012, in Los Angeles County, within the Central District of California, defendant RAVON MURRLEY, also known as "Crook," knowingly used and carried at least one of the following firearms during and in relation to, and possessed at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment:

(1)   an Action Arm LTD Uzi Model B 9mm caliber submachine gun, bearing serial number SA49684;

(2)   a Glock model 22 .40 caliber semi-automatic handgun, bearing serial number BFT384; and

(3)   a Dan Wesson Arms .44 caliber magnum revolver, bearing serial number SB014311.

COUNT NINETY-EIGHT

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about August 15, 2012, in Los Angeles County, within the Central District of California, defendant JOSHUA PEREZ, also known as "Tiny Ange," knowingly used and carried a firearm, namely, a loaded Smith & Wesson model 4004 .40 caliber semi-automatic handgun, bearing serial number TVC9054, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Twenty-Four of this Indictment, and possession with intent to distribute controlled substances within 1,000 feet of a school or park, in violation of Title 21, United States Code, Section 860, as charged in Count Fifty-Eight of this Indictment.

COUNT NINETY-NINE

[18 U.S.C. § 924(o)]

Beginning on date unknown to the Grand Jury, and continuing to on or about August 27, 2012, in Los Angeles County, within the Central District of California, defendant LORD KELLY, also known as "Lil' Rave," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly use and carry a firearm, namely, a loaded CN ROMARM Romanian AK-47 assault rifle with a high capacity 30-round magazine, bearing serial number SAO-3815-80, during and in relation to, and possess that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment.

COUNT ONE HUNDRED

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about January 29, 2013, in Los Angeles County, within the Central District of California, defendant TYRELL THOMAS JR., also known as "Tiny Rave," knowingly used and carried a firearm, namely, a FEG Union model SA85 9mm caliber semi-automatic assault rifle, bearing serial number SM13947, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment.

COUNT ONE HUNDRED ONE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about January 30, 2013, in Los Angeles County, within the Central District of California, defendants LORD KELLY, also known as ("aka") "Lil' Rave," and MARK KEITH, aka "Baby Too Cool," knowingly used and carried a firearm, namely, a loaded Cobra Enterprises model Patriot .45 caliber semi-automatic handgun with an obliterated serial number, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED TWO

[18 U.S.C. § 924(o)]

Beginning on date unknown to the Grand Jury, and continuing to on or about January 30, 2013, in Los Angeles County, within the Central District of California, defendants LORD KELLY, also known as ("aka") "Lil' Rave," DERREK JONES, aka "Dirty D," RICKY KEATON, aka "Tiny C-Bone," aka "Boy," CAMERON HALL, aka "Deuce Pound," TRAYVONE JACKSON, aka "Deuce Von," aka "Trey," KEVIN JAMES, aka MARK KEITH, aka "Baby Too Cool," conspired and agreed with each other to knowingly use and carry at least one of the following firearms during and in relation to, and to possess at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment:

(1)   a loaded Beretta model Corto 9mm caliber semi-automatic handgun, bearing serial number E59786;

(2)   a loaded Sig Sauer model P226 9mm caliber semi-automatic handgun, bearing serial number UU683108;

(3)   a loaded Springfield Armory model XD 9mm caliber semi-automatic handgun, bearing serial number XD200090;

(4)   a loaded Sturm, Ruger & Co. model P94 .40 caliber semi-automatic handgun, bearing serial number 340-72229;

(5)  a Beretta model 92FS 9mm caliber semi-automatic handgun, bearing serial number C73925Z, loaded with hollow point ammunition; and

(6)  a Dakota Magnum .357 caliber revolver, bearing serial number 23600, loaded with hollow point ammunition.

COUNT ONE HUNDRED THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about January 30, 2013, in Los Angeles County, within the Central District of California, defendants LORD KELLY, also known as ("aka") "Lil' Rave," DERREK JONES, aka "Dirty D," RICKY KEATON, aka "Tiny C-Bone," aka "Boy," CAMERON HALL, aka "Deuce Pound," TRAYVONE JACKSON, aka "Deuce Von," aka "Trey," KEVIN JAMES, and MARK KEITH, aka "Baby Too Cool," knowingly used and carried at least one of the following firearms during and in relation to, and possessed at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment:

(1)   a loaded Beretta model Corto 9mm caliber semi-automatic handgun, bearing serial number E59786;

(2)   a loaded Sig Sauer model P226 9mm caliber semi-automatic handgun, bearing serial number UU683108;

(3)   a loaded Springfield Armory model XD 9mm caliber semi-automatic handgun, bearing serial number XD200090;

(4)   a loaded Sturm, Ruger & Co. model P94 .40 caliber semi-automatic handgun, bearing serial number 340-72229;

199

1          (5)   a Beretta model 92FS 9mm caliber semi-automatic
2    handgun, bearing serial number C73925Z, loaded with hollow point
3    ammunition; and
4          (6)   a Dakota Magnum .357 caliber revolver, bearing serial
5    number 23600, loaded with hollow point ammunition.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT ONE HUNDRED FOUR

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2]

On or about March 12, 2013, in Los Angeles County, within the Central District of California, defendants CHARLES SMITH, also known as ("aka") "Big Solo," and TRAYVONE JACKSON, aka "Deuce Von," aka "Trey," while aiding and abetting each other, knowingly used and carried a firearm, namely, a silver revolver, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, conspiracy to interfere with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment, and interference with commerce through threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Seven of this Indictment, and in so doing, brandished that firearm.

COUNT ONE HUNDRED FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 27, 2013, in Los Angeles County, within the Central District of California, defendant ANTROINE TYARS SR., also known as ("aka") "Big Crazy A," aka "Twan," aka "Tweezy," knowingly used and carried a firearm, namely, a loaded Jennings model J-22 .22 caliber semi-automatic handgun, bearing serial number 1114259, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 27, 2013, in Los Angeles County, within the Central District of California, defendant FRANK RILEY, also known as ("aka") "Unc," aka "Old Man," aka "OJ," knowingly possessed a firearm, namely, a Smith & Wesson .44 caliber magnum revolver, bearing serial number N664628, loaded with hollow point ammunition, in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 27, 2013, in Los Angeles County, within the Central District of California, defendant ROOSEVELT SUMPTER, also known as ("aka") "Tu Tu," aka "T-Dog," knowingly used and carried at least one of the following firearms, namely, a Smith & Wesson model 29-2 .44 magnum caliber revolver, bearing serial number N744473, loaded with hollow point ammunition, and a loaded Mossberg 12-gauge shotgun, bearing serial number H416990, during and in relation to, and possessed at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED EIGHT

[18 U.S.C. § 924(c)(1)(A)(ii)]

On or about April 19, 2013, in Los Angeles County, within the Central District of California, defendants CHARLES SMITH, also known as ("aka") "Big Solo," and AKIA PETE, aka "Studda Box," knowingly used and carried a firearm, namely, a silver handgun, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, conspiracy to interfere with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment, and interference with commerce through threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Nine of this Indictment, and in so doing, brandished that firearm.

205

COUNT ONE HUNDRED NINE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 15, 2013, in Los Angeles County, within
the Central District of California, defendant CHARLES SMITH,
also known as "Big Solo," knowingly used and carried a firearm,
namely, a silver revolver, during and in relation to, and
possessed that firearm in furtherance of, a crime of violence,
namely, conspiracy to engage in racketeering activity, in
violation of Title 18, United States Code, Section 1962(d), as
charged in Count One this Indictment, conspiracy to interfere
with commerce by threats or violence, in violation of Title 18,
United States Code, Section 1951(a), as charged in Count Four of
this Indictment, and interference with commerce through threats
or violence, in violation of Title 18, United States Code,
Section 1951(a), as charged in Count Ten of this Indictment, and
in so doing, brandished that firearm.

206

COUNT ONE HUNDRED TEN

[18 U.S.C. § 924(c)(1)(A)(ii)]

On or about August 16, 2013, in Los Angeles County, within the Central District of California, defendants CHARLES SMITH, also known as ("aka") "Big Solo," KHALID ALI MUHAMMAD, aka "Juice," and TRAYVONE JACKSON, aka "Deuce Von," aka "Trey," knowingly used and carried a firearm, namely, a loaded Smith & Wesson .38 caliber silver revolver, bearing serial number 461210, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, conspiracy to interfere with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment, and interference with commerce through threats or violence, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Eleven of this Indictment, and in so doing, brandished that firearm.

COUNT ONE HUNDRED ELEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about September 19, 2013, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat," knowingly used and carried at least one of the following firearms, namely, a loaded Colt model Officer's ACP .45 caliber handgun with an obliterated serial number, and a loaded A.A. Arms Inc. model AP9 9mm caliber handgun, bearing serial number 046328, during and in relation to, and possessed at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED TWELVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about November 27, 2013, in Los Angeles County, within the Central District of California, defendants ROOSEVELT SUMPTER, also known as ("aka") "Tu Tu," aka "T-Dog," MARCUS GOLDSTON, aka "Deuce Mack," and MICHAEL A. BELLINGER, aka "Fat Mike," aka "Big Mike," knowingly used and carried at least one of the following firearms, namely, a stolen Smith & Wesson model 686 .357 caliber revolver, bearing serial number BHD0559, and a loaded semi-automatic handgun of an unknown manufacturer, bearing serial number 02754, during and in relation to, and possessed at least one of those firearms in furtherance of, a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED THIRTEEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant BOBBY BRAY, also known as ("aka") "Nite Owl," aka "Nite Out," aka "Darwin Pitts," knowingly possessed at least one of the following firearms in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment:

    (1)   a Kel-Tec 9mm caliber handgun, bearing serial number
          79396;

    (2)   a Rohm model RG-14 .22 caliber revolver, bearing serial
          number 226229.

COUNT ONE HUNDRED FOURTEEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant KEEFE DASHIELL, also known as "Bugz," knowingly possessed a firearm, namely, a loaded Browning model BDA-380 .380 caliber semi-automatic handgun, bearing serial number NT01936, in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment, and a drug trafficking crime, namely, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Twelve of this Indictment.

COUNT ONE HUNDRED FIFTEEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant NAKAWA LEE, also known as "Lil' Man," knowingly possessed a firearm, namely, a loaded Springfield model XD9621 .45 caliber semi-automatic handgun, bearing serial number XD620458, in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment.

212

1

COUNT ONE HUNDRED SIXTEEN

2

[18 U.S.C. § 924(c)(1)(A)(i)]

3      On or about June 17, 2014, in Los Angeles County, within

4 the Central District of California, defendant PATRICK SWAFFI,

5 also known as "Pat," knowingly possessed a firearm, namely, a

6 loaded Taurus model PT909 semi-automatic handgun, bearing serial

7 number TCN82982, in furtherance of a crime of violence, namely,

8 conspiracy to engage in racketeering activity, in violation of

9 Title 18, United States Code, Section 1962(d), as charged in

10 Count One of this Indictment, and a drug trafficking crime,

11 namely, conspiracy to possess with intent to distribute and to

12 distribute controlled substances, in violation of Title 21,

13 United States Code, Section 846, as charged in Count Twelve of

14 this Indictment and possession with intent to distribute

15 controlled substances, in violation of Title 21, United States

16 Code, Section 841(a)(1), as charged in Count Thirty-Three of

17 this Indictment.

18

19

20

21

22

23

24

25

26

27

28

COUNT ONE HUNDRED SEVENTEEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant TYRELL THOMAS SR., also known as "Big Rave," knowingly possessed a firearm, namely, a loaded Taurus model Tracker .17 caliber revolver, bearing serial number WD113205, in furtherance of a crime of violence, namely, conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One this Indictment.

COUNT ONE HUNDRED EIGHTEEN

[26 U.S.C. § 5861(d)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant PATRICK SWAFFI, also known as "Pat" ("SWAFFI"), knowingly possessed a firearm, namely, a J.C. Higgins model 20 12 gauge shotgun, with a barrel measuring approximately 14 inches, which defendant SWAFFI knew to be a short-barreled shotgun as defined in Title 26, United States Code, Sections 5845(a) and 5845(d), and which had not been registered to defendant SWAFFI in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code, Sections 5841, 5861(d), and 5871.

COUNT ONE HUNDRED NINETEEN

[18 U.S.C. § 922(g)(1)]

On or about January 30, 2013, in Los Angeles County, within the Central District of California, defendant KEVIN JAMES ("JAMES"), knowingly possessed at least one of the following firearms in and affecting interstate and foreign commerce, namely:

(1)   a Beretta model Corto 9mm caliber semi-automatic handgun, bearing serial number E59786;

(2)   a Sig Sauer model P226 9mm caliber semi-automatic handgun, bearing serial number UU683108;

(3)   a Springfield Armory model XD 9mm caliber semi-automatic handgun, bearing serial number XD200090;

(4)   a Sturm, Ruger & Co. model P94 .40 caliber semi-automatic handgun, bearing serial number 340-72229;

(5)   a Beretta model 92FS 9mm caliber semi-automatic handgun, bearing serial number C73925Z; and

(6)   a Dakota Magnum .357 caliber revolver, bearing serial number 23600.

Such possession occurred after defendant JAMES had been convicted of at least one of the following felonies, each punishable by a term of imprisonment exceeding one year:

(1)   Taking Vehicle without Owner's Consent, in violation of California Vehicle Code Section 10851(A), in the Superior Court of the State of California, County of Los Angeles, case number SA009480, on or about March 11, 1992;

(2)   Petty Theft with Prior, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of San Bernardino, case number FSB20360, on or about December 2, 1998.

COUNT ONE HUNDRED TWENTY

[18 U.S.C. § 922(g)(1)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant NAKAWA LEE, also known as "Lil' Man" ("LEE"), knowingly possessed a firearm, namely, a Springfield model XD9621 .45 caliber semi-automatic handgun, bearing serial number XD620458, and ammunition, namely, nine rounds of .45 caliber ammunition, in and affecting interstate and foreign commerce.

Such possession occurred after defendant LEE had been convicted of at least one of the following felony crimes, each punishable by imprisonment for a term exceeding one year:

(1)  Grand Theft, in violation of California Penal Code Section 487h(a), in the Superior Court of the State of California, County of Los Angeles, case number MA005583, on or about January 13, 1993;

(2)  Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Los Angeles, case number YA019449, on or about May 3, 1994;

(3)  Prison Escape, in violation of California Penal Code Section 4530(b), in the Superior Court of the State of California, County of Los Angeles, case number BA089689, on or about May 24, 1994;

(4)  Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, case number BA150355, on or about May 29, 1997.

COUNT ONE HUNDRED TWENTY-ONE

[18 U.S.C. § 922(g)(1)]

On or about June 17, 2014, in Los Angeles County, within the Central District of California, defendant TYRELL THOMAS SR., aka "Big Rave" ("TYRELL THOMAS SR."), knowingly possessed a firearm, namely, a Taurus model Tracker .17 caliber revolver, bearing serial number WD113205, in and affecting interstate and foreign commerce.

Such possession occurred after defendant TYRELL THOMAS SR. had been convicted of at least one of the following felony crimes, each punishable by imprisonment for a term exceeding one year:

(1)   Transportation/Sale of a Controlled Substance, in violation of California Health & Safety Code Section 11352, in the Superior Court of the State of California, County of Los Angeles, case number A765783, on or about August 29, 1985;

(2)   Transportation/Sale of a Controlled Substance, in violation of California Health & Safety Code Section 11352(a), in the Superior Court of the State of California, County of Los Angeles, case number A764053, on or about November 4, 1985;

///

1      (3)   Vehicular Manslaughter, in violation of California

2 Penal Code Section 192(c)(3), in the Superior Court of the State

3 of California, County of Los Angeles, case number BA102068, on

4 or about April 19, 1996.

5

6                                    A TRUE BILL

7

8                               /S/

                              Foreperson

9

10

11 EILEEN M. DECKER

   United States Attorney

12

13

14 LAWRENCE S. MIDDLETON

   Assistant United States Attorney

15 Chief, Criminal Division

16 BRANDON D. FOX

   Assistant United States Attorney

17 Chief, Public Corruption and Civil Rights

   Section

18

   ELIZABETH R. YANG

19 Assistant United States Attorney

   Chief, Violent and Organized Crime Section

20

   MACK E. JENKINS

21 Assistant United States Attorney

   Public Corruption and Civil Rights Section

22

   MAX B. SHINER

23 Assistant United States Attorney

   Violent and Organized Crime Section

24

   WILSON PARK

25 Assistant United States Attorney

   Violent and Organized Crime Section

26

27

28