UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | CR 14-00338-(A)-SJO-15 | Date | November 7, 2016 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | Not required: |

| Victor Paul Cruz | Carol Zurborg | Mack Eric Jenkins / Max B. Shiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (15) Jermaine Houston | xx | xx | | David Sutton and Georgina Wakefield, DFPD | xx | xx | |

**Proceedings:**   SENTENCING

Hearing held.

In preparation for this proceeding the Court has reviewed the following documents: The Presentence Report (PSR) [ECF # 8484] disclosed on 08/29/2016, and the confidential letter recommendation.  The Court has reviewed the Government's sentencing position [ECF # 1940] filed 11/03/2016.  The government concurs with the advisory United States Sentencing Guidelines calculations and factual findings, set forth in the United States Probation Office's Pre-Sentence Investigation Report ("PSR") with the exception to the government's objection that the PSR did not find any applicable role enhancement but appears to have applied the wrong standard and that the PSR also erroneously omits the 2-level enhancement under USSG § 2D1.1(b)(2) for "direct[ing] the use of violence."  The government indicates that the PSR finds a Total Offense Level of 22 and a Criminal History Category VI (17 points), which establishes a Guidelines range of 84-105 months' imprisonment.  However, with the enhancement, defendant's Total Offense Level is 27, which makes defendant's proper Guidelines range 130-162 months' imprisonment. The government recommends the sentence as agreed to in the plea agreement, namely, 87 months' imprisonment.  Defendant's sentencing position [ECF # 1887] filed 10/17/2016.   Defendant argues that his criminal history is overstated because the calculation includes both dated convictions, and conduct that is part of both the RICO and drug conspiracies in this case.  Defendant indicates that a variance to criminal history category III is appropriate in this case.  Accordingly, at criminal history category III, and a final base offense level of twenty two, the advisory Sentencing Guideline Range is 51-63 months in custody.  Defendant requests that this Court sentence him to a total prison sentence of sixty-months in custody.  The First Addendum to the PSR [ECF # 1935].  Defendant's reply [ECF #1942] filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

11/05/2016.

Defendant acknowledges that he has reviewed all sentencing documents.

The Court overrules defendant's objection that his criminal history is overstated.

The Court sustains the government's objections.

Counsel argue.

Defendant exercise his right of allocution.

Having considered the sentencing factors enumerated at 18 U.S.C. § 3553(a) including the advisory guideline range of 130 to 162 months based upon an offense level of 27 and a criminal history category of VI, the Court imposes the following sentence:

It is ordered that the defendant shall pay to the United States a special assessment of $ 100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Jermaine Houston, is hereby committed on counts 1 and 12 of the first superseding indictment to the custody of the Bureau of Prisons for a term of 84 months. This term consists of 84 months on each of counts 1 and 12 of the first superseding indictment, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of three years on count 1 and five years on count 12 of the first superseding indictment, all such terms to run concurrently under the following terms and conditions:

1.      The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2.      The defendant shall not commit any violation of local, state, or federal law or ordinance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

5. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

6. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than his true legal name without the prior written approval of the Probation Officer.

7. The defendant shall cooperate in the collection of a DNA sample from the defendant.

8. The defendant shall not associate with anyone known to him to be a member of the Broadway Gangster Crips Gang and others known to him to be participants in the Broadway Gangster Crips Gang's criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Broadway Gangster Crips Gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Broadway Gangster Crips Gang.

9. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Broadway Gangster Crips Gang meet and/or assemble.

10. The defendant shall not reside in any area known as Broadway Gangster Crips controlled territory, which includes territory claimed in South Los Angeles, the territory defined as (to the North) Vernon Avenue, (to the East) Avalon Boulevard, (to the West) the 110 Freeway, and (to the South) Slauson Avenue, without the prior express approval of the Probation Officer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

11.   The defendant shall submit his person, and any property, house, residence, cell phone, and vehicle to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court advises the Defendant of his right to appeal.

The Court recommends that the defendant shall be designated in Southern California and that he participate in the Bureau of Prison's Residential Drug Abuse Program (RDAP).

In the interest of justice the Court dismisses all remaining counts of the First Superseding Indictment, the underlying Indictment and the Information establishing prior convictions [ECF #766].

The Court grants defendant's request that the Presentence Report shall be amended to indicate that there was no juvenile adjudication as to paragraph 92 and the in regards to paragraph 94, the matter was rejected by the District Attorney's office.

:   0/49

Initials of Deputy Clerk

cc:   PROBATION OFFICE